■ JOSEPH VAN ALPHEN, Appellant, v WALTER ROBINSON et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered November 30, 1978 in Broome County, which denied plaintiff's motion for summary judgment and granted, in part, defendant's cross motion for summary judgment. On August 29, 1974, plaintiff and defendants, Walter and Charlotte Robinson, entered into an agreement purporting to lease to defendants a 1971 Newport La Grand mobile home at a monthly rental of $150. This agreement contained the following option to purchase the mobile home: "In consideration of the payment of $200 paid herewith and an additional $300 to be paid on or before October 1, 1974, the landlord grants the tenant the option to purchase said mobile home for an additional $4,800 on Janaury 1, 1975 or, $3600 on January 1, 1976 or $2,200 on January 1, 1977, or $600 on January 1, 1978. In the event option is exercised, and purchase completed with payment to landlord, according to previous schedule, landlord will deliver to tenant title to said premises." The agreement further provided that the option would remain in effect only so long as the tenant complied with all other obligations under the lease. Defendants concede that they paid only $300 of the $500 that was to be paid on or before October 1, 1974. They also failed to pay the $600 which was to be paid on January 1, 1978, but did pay an additional $150 in rental on January 24, 1978. When the parties were unable to reach an agreement as to an extension of the lease, the defendants consulted an attorney who offered to tender the balance of $800 owing plaintiff in return for clear title to the mobile home. Plaintiff commenced this action in April, 1978 seeking, along with other relief, a judgment giving him possession of the mobile home. Defendant's answer alleged that the agreement, although couched in terms of a lease was, in fact, an installment contract of sale. Both parties moved for summary judgment, with defendants requesting that they be awarded clear title to the mobile home upon tender of the balance of $650. Special Term granted defendants' motion on the ground that the agreement, although couched in terms of a lease was, in fact, a retail installment contract with the lease being intended as security to insure performance of the agreement. The resolution of whether this instrument constitutes a lease or a security interest may not be resolved solely by the fact that an option to purchase was included in the instrument. Such result only follows if the "lessee shall become or has the option to become the owner of the property for no additional consideration or for a nominal consideration" (Uniform Commercial Code, § 1-201, subd [37]). The issue of whether this agreement constituted a security interest or a leasing arrangement requires the resolution of issues of fact as to the intent of the parties which must await the trial of the action (see *Xerox Corp. v Smith,* 67 Misc 2d 752, 753; 76 ALR3d 11, 85, § 19). The order of Special Term must, therefore, be modified. Order modified, on the law, by reversing so much thereof as granted defendants' motion for summary judgment and by denying said motion, and, as so modified, affirmed, without costs. Mahoney, P. J., Greenblott, Staley, Jr., Main and Herlihy, JJ., concur.