■ EMANUEL DEFREECE et al., Respondents-Appellants, v PENNY BAG, INC., Defendant; NEWBURGH BAY REALTY CORP., Respondent-Appellant, and JUSTIN RESNICK, Appellant-Respondent.—In a negligence action to recover damages for personal injuries, etc., (1) the defendant Justin Resnick appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (King, J.), dated June 26, 1986, as denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him, (2) the plaintiffs cross appeal from the same order, and (3) the defendant Newburgh Bay Realty Corp. (hereinafter Newburgh) cross-appeals from so much of the same order as granted that branch of its cross motion which was to dismiss the complaint and the defendant Resnick's cross claim insofar as it is asserted against it. The appeal by Resnick from the order dated June 26, 1986, brings up for review so much of an order of the same court, entered September 15, 1986, as, upon reargument, adhered to the original determination denying his motion for summary judgment *(see,* CPLR 5517).

Ordered that the appeal by the defendant Resnick from so much of the order dated June 26, 1986, as denied his motion for summary judgment is dismissed, without costs or disbursements, as that part of the order was superseded by so much of the order entered September 15, 1986, as, upon reargument, adhered to the original determination denying his motion; and it is further,

Ordered that the order entered September 15, 1986, is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the plaintiffs' cross appeal is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that Newburgh's cross appeal is dismissed, without costs or disbursements, on the ground that it is not aggrieved by the order cross-appealed from *(see,* CPLR 5511).

The plaintiff Emanuel DeFreece was injured while he was on the roof of a factory building owned by the defendant Newburgh, and under a contract of sale to the defendant Resnick. The contract vendee, Resnick, who already had possession and control of the building, entered into a contract with one Richard Rafos to repair various holes in the factory's roof. The plaintiff, who was seeking employment and heard of the construction work to be done, visited the premises where Rafos authorized him to climb to the roof. After Rafos and the plaintiff agreed orally to employment to start in a few weeks, and, as the plaintiff was leaving, he fell into one of the holes in the roof.

The court correctly ruled that the defendant Resnick was an "owner" within the meaning of Labor Law § 241 (6). That section requires "owners and contractors and their agents" to comply with various safety requirements for "persons employed * * * or lawfully frequenting" areas in which construction, excavation or demolition work is being performed. 12 NYCRR 23-1.4 (b) (39) defines a person "lawfully frequenting" such places as "[a]ny person exercising a lawful right of presence or passage in any area, including persons on a public sidewalk, street or highway". As the plaintiff was lawfully on the roof with the permission of the contractor, he is covered by this provision (see, Brennan v M. L. P. Bldrs. Corp., 262 NY 464).

The defendant Resnick was an "owner" within the meaning of this provision, even though legal title had not yet passed to him. As a contract vendee, he had a property interest, already had access to the premises, and was the party who had contracted to have the roof repair work performed (see, Copertino v Ward, 100 AD2d 565, 566; Celestine v City of New York, 86 AD2d 592, affd 59 NY2d 938; Sweeting v Board of Coop. Educ. Servs., 83 AD2d 103, 113, lv denied 56 NY2d 503; Allen v Cloutier Constr. Corp., 44 NY2d 290, 300-301, rearg denied 45 NY2d 776; see also, Real Property Law § 239-a). Bracken, J. P., Kunzeman, Eiber and Harwood, JJ., concur.