OPINION OF THE COURT
Vincent J. Hand, J.
On November 14, 1974, the plaintiff James Manning alleges he was injured during the course of his duties as a construction laborer while employed by the third-party defendant Hospital Building & Equipment Company Division of HBE Corporation (hereinafter HBE) at the St. John’s Smithtown Hospital construction site.
HBE was a general contractor for the extension on the construction at St. John’s.
Prior to July 15, 1974, the codefendant Church Charity Foundation of Long Island owned and operated St. John’s Smithtown Hospital (Hospital). By agreement and lease dated July 15, 1974, the Church Charity Foundation of Long Island deeded certain property to the third-party defendant Dormitory Authority of the State of New York by deed dated August 1, 1974, recorded in the Suffolk County Clerk’s office on September 4, 1974. The property included the construction site on which the incident in question subsequently occurred. The Dormitory Authority in turn entered into a contract with HBE to do certain construction in connection with the addition of wings to St. John’s Smithtown Hospital. The reason for the particular arrangements for the construction of the new wings of the hospital was that the financing was being done through the Dormitory Authority and entailed issuance of authority bond anticipation notes. As part of the transaction, the Dormitory Authority required title to the entire premises to be conveyed to it.
The lease portion of the agreement between the Church Charity Foundation and the Dormitory Authority contained a lease back of the existing hospital by the Dormitory Authority to the Church Charity Foundation of Long Island during the construction stage in order for the operations of the hospital to continue.
On May 26, 1976, the entire parcel including the newly constructed wings were reconveyed to Church Charity Foundation.
The codefendant Huber Lathing Corp. subcontracted with HBE to install certain rebars in forms prepared by HBE. *741 Huber’s work included the lathing for the decking as well as the supporting concrete columns.
At the close of plaintiff's case, plaintiff moved to conform the pleadings to the proof. This motion was granted without opposition or objection.
Defendants and third-party defendants, pursuant to CPLR 4401, thereafter moved on various grounds to dismiss the complaint and cross complaints and third-party complaint (however designated).
Specifically, defendants argue that plaintiff failed to establish a case based on common-law negligence or pursuant to Labor Law § 241 (6). Defendant Church Charity Foundation argues that plaintiff has failed to show, prima facie, that it was the owner of the premises during the course of construction of the addition to the existing hospital.
To be entitled to judgment as a matter of law, the defendant-movant has the burden of showing that plaintiff failed to make a prima facie case. The plaintiff’s evidence must be accepted as true and plaintiff must be given the benefit of every favorable inference which can reasonably be drawn from that evidence. (Hylick v Halweil, 112 AD2d 400 [1985].)
Standard in deciding a motion for directed verdict is whether a jury could find for nonmoving party by any rational process.
Labor Law § 241 (6) imposes a nondelegable duty upon all "owners and contractors and their agents” to comply with such rules as may be promulgated by the Board of Standards and Appeals. A breach of such rules is some evidence of negligence, but a breach does not per se establish liability of such persons named in section 241. The term "owners” is not expressly defined in section 241.
Reported cases have addressed the criterion of which parties are subject to the mandates of Labor Law § 241 (6). Early on, the Court of Appeals eliminated "control or supervision” as a factor in this determination (Allen v Cloutier Constr. Corp., 44 NY2d 290, 299). Likewise, the court thereafter declared the fee owner of property as an owner within the meaning of Labor Law § 240 even if it were a single-family homeowner regardless of how onerous that finding was. (Haimes v New York Tel. Co., 46 NY2d 132.) (The Legislature subsequently eliminated single-and-two-family owners from the strictures of these sections of the Labor Law.) Similarly, the grantor of an easement was held to be an "owner” in Celestine v City of *742 New York (86 AD2d 592, affd 59 NY2d 938). Although not disclosed in the reported opinion, the briefs in this case and the opinion at Special Term indicate that the lessor supervised each and every step of work being performed on its tracks and had its own personnel on the job and at job meetings. A contiguous property owner was held to be an "owner” on the theory of an implied easement where a worker was injured while working in a trench to connect a sewer line to the defendant homeowner’s property even though the situs of the accident was located in the municipality’s property, i.e., in the public street. (Copertino v Ward, 100 AD2d 565 [2d Dept 1984.) More recently, a "contract vendee” was held to be an "owner” (DeFreece v Penny Bag, 137 AD2d 744 [2d Dept, Feb. 1988]). In the latter case, the "contract vendee” had access to the premises and was the party who contracted to have the work performed. (See also, Katz v Press Mgt. Corp., 117 Misc 2d 870 [1983] [where a lessor was declared an owner]; Kerr v Rochester Gas & Elec. Corp., 113 AD2d 412 [4th Dept 1985].)
In each of the foregoing reported cases there has been a nexus or link which was the predicate for the court’s decision. There is no such connection shown here. In pursuit of such a nexus the plaintiff emphasizes that the purpose of the arrangements, wherein the defendant Church Charity conveyed ownership to the Dormitory Authority, was to finance the construction of the addition to the hospital. Citing Real Property Law § 320, the plaintiff asserts that the deed of conveyance from Church Charity is to be considered a mortgage loan and accordingly, the Church Charity, in fact, is the owner within the purview of Labor Law § 241 (6). The deed was not security for a mortgage loan and accordingly, this court declines to accept plaintiff’s conclusion that the deed be considered a mortgage. Secondly, the Hospital relinquished all possessory rights to the construction site and continued occupancy of the hospital under a lease agreement with Dormitory Authority. In fact, Dormitory contracted for the construction of the new additions to the hospital.
This case does not present the fact pattern contemplated by Real Property Law § 320 (a property owner conveying as security for a loan and then proceeding to contract for improvements). Further, there is no support for the Hospital and Dormitory each being declared an owner pursuant to Labor Law § 241 (6).
This court holds that the status of the Hospital is not a *743 factual issue for jury decision and in fact, the Hospital is not an owner, contractor or agent within the purview of Labor Law §241 (6). The Hospital was in fact prohibited from any involvement in the construction activity pursuant to the contract between the Hospital and Dormitory.
For the reasons hereinabove stated, the Hospital, not being an owner, the plaintiff has failed to prima facie establish any other basis for liability on the part of the Hospital.
The first and second causes of action are hereby dismissed against the Hospital. This shall constitute the trial order dismissing plaintiff’s action against the Hospital.