(October 17, 1988)

■ ALL GOOD LEASING CORP., Respondent, v BIMCO INDUSTRIES, INC., et al., Appellants.—In an action to recover a deficiency judgment for payments due under 17 motor vehicle leases, (1) the defendant Bimco Industries, Inc. appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Ferraro, J.), dated May 28, 1987, as dismissed its first affirmative defense and counterclaim and granted the plaintiff summary judgment against it as to all the leases and, (2) the defendant Denise Griffin separately appeals, as limited by her brief, from so much of the same order as granted the plaintiff summary judgment against her as to 15 of the leases.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the plaintiff's motion for summary judgment is denied.

We find that the defendants presented sufficient evidence to establish that there is a triable issue of fact as to whether the leases involved in this action are secured transactions under article 9 of the Uniform Commercial Code. Accordingly, the plaintiff was not entitled to summary judgment in its favor, and the defendant Bimco's first affirmative defense and counterclaim should not have been dismissed.

Whether a lease is intended to create a security interest depends upon the facts of each case, rather than upon the form of the agreement *(see, e.g., Van Alphen v Robinson,* 71 AD2d 1039; *Guardsman Lease Plan v Gibraltar Transmission*

*Corp.,* 129 Misc 2d 887; UCC 1-201 [37]). The evidence presented by the defendants supports their contention that at least some of the leases were intended to finance their purchase of the vehicles and therefore were secured transactions rather than true leases. In addition, the leases assigned various indicia of ownership of the vehicles to Bimco, such as the duty to pay registration, taxes and insurance. Furthermore, the leases provided that, upon default, the amount due under the leases would be accelerated, the vehicles sold and the defendants liable for any deficiency. Such provisions have been considered evidence that the lease in question is a secured transaction *(see, Guardsman Lease Plan v Gibraltar Transmission Corp., supra; International Paper Credit Corp. v Columbia Wax Prods. Co.,* 102 Misc 2d 738; *Credit Car Leasing Corp. v DeCresenzo,* 138 Misc 2d 726). Lawrence, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.