■■■ CURTIS COLLINS et al., Respondents, v COUNTY OF MONROE INDUSTRIAL DEVELOPMENT AGENCY (COMIDA), Defendant, and MIDTOWN HOLDINGS CORPORATION, Appellant.—Order unanimously affirmed with costs. Memorandum: Supreme Court properly granted summary judgment in plaintiffs' favor on the Labor Law § 240 (1) cause of action. Plaintiff Curtis Collins, a construction worker, was injured when the concrete floor of an underground parking garage collapsed, causing him to fall to the floor below. Collins was engaged in the performance of his work at the time, and the undisputed facts reveal that no safety devices were in place or available at the construction site. Because plaintiff fell from an elevated worksite, he is entitled to recover under section 240 (1) of the Labor Law *(see, Allen v City of Buffalo,* 161 AD2d 1134).

The principal issue on this appeal is whether defendant Midtown Holdings Corporation (Midtown) is an owner within the meaning of Labor Law § 240 (1). In 1959, Midtown, as owner of the land, granted a permanent easement to the City of Rochester for the construction, reconstruction and maintenance of an underground parking garage at the Midtown

Plaza site. The easement granted the city exclusive use, control and possession of the garage. In 1978, the city leased operation of the garage to Midtown but remained responsible for all structural repairs to the garage. The lease was renewed on several occasions and was still in effect at the time of the accident. In 1984, some two years prior to this incident, Midtown entered into a sale and lease back agreement with the County of Monroe Industrial Development Agency (COMIDA), whereby Midtown deeded its interests in the real property to COMIDA and received, in return, a lease back of those same interests. Midtown contends that, for purposes of ownership liability under section 240 of the Labor Law, COMIDA became the fee owner as a result of the sale and lease back transaction and that the City of Rochester, as grantee of the permanent easement, was an owner of the garage. This contention is without merit.

The sale and lease back transaction amounted to no more than a financing mechanism; it was "not a genuine allocation of ownership in the agency" *(Matter of Erie County Indus. Dev. Agency v Roberts,* 94 AD2d 532, 539, *affd* 63 NY2d 810). COMIDA served only as a conduit for the tax benefits derived by such an arrangement. It assumed no risk of loss and had no opportunity for gain. Midtown, by virtue of the lease back, retained its ownership ability to control the circumstances of construction upon the premises, and under these circumstances, was an owner within the meaning of section 240 of the Labor Law *(see, Kerr v Rochester Gas & Elec. Corp.,* 113 AD2d 412, 416). The holding of *Manning v St. John's Smithtown Hosp.* (141 Misc 2d 739) is not to the contrary. In *Manning,* the financing agency, the State Dormitory Authority, did not lease back the property subject to the construction, and instead, itself entered into the contract for construction. Thus, in *Manning,* it was the financing agency that could control the circumstances of construction. Moreover, the fact that Midtown, in granting the permanent easement, conveyed to the City the right to exclusive possession and control of the garage, does not vitiate the grantor's status as an owner under the Labor Law *(see, Celestine v City of New York,* 86 AD2d 592, *affd* 59 NY2d 938; *Kerr v Rochester Gas & Elec. Corp., supra,* at 416). (Appeal from order of Supreme Court, Monroe County, Galloway, J.—summary judgment.) Present—Callahan, J. P., Doerr, Boomer, Green and Balio, JJ.