OPINION OF THE COURT
Stanley B. Katz, J.
Defendants 1155 Avamer Realty Corp. and 1155 Development Corp. have moved to dismiss all the claims against them on Statute of Limitations grounds.
On May 26, 1983, the plaintiff allegedly sustained personal *951 injury while doing construction work at premises known as 1155 Avenue of the Americas, New York, New York. The plaintiff commenced this action against William J. Scully, Inc. (Scully), the construction manager, and defendant Tishman Realty Construction (Tishman), the drywall contractor, in April 1984. The moving defendants, who are allegedly the owners of the premises, were served with process in August 1988 or January 1989.
Where two persons are united in interest, the service of a summons on one of them will toll the Statute of Limitations for the other. (CPLR 203 [b]; Connell v Hayden, 83 AD2d 30.) Codefendants are united in interest for the purposes of CPLR 203 (b) “only when one defendant is responsible for the acts or omissions of the other.” (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C203:3, at 147.) Labor Law § 240 imposes a nondelegable duty upon an owner of premises to furnish safe scaffolding, etc., to a worker, and the duty, when breached, results in absolute liability. (Harmon v Sager, 106 AD2d 704.) Labor Law § 241 imposes a nondelegable duty upon an owner to provide a worker engaged in construction, excavation or demolition activity with a safe place to work. (See, DeFreece v Penny Bag, 137 AD2d 744.) These statutes in effect make an owner vicariously liable for unsafe working conditions created by others. Assuming for the purposes of this motion that the unsafe conditions were created by Scully or Tishman, then the moving defendants would be vicariously liable and a unity of interest would be present. (See, Ruane v Cooper, 127 AD2d 524.) The timely service upon Scully and Tishman would have also tolled the Statute of Limitations (CPLR 214 [5]) as to the moving defendants. (CPLR 203 [b].)
Accordingly, the motion is denied.