■ BIAGIO AMICO et al., Respondents, v PARK AVENUE PLAZA Co., Appellant, et al., Defendants, et al., Third-Party Plaintiff, et al., Third-Party Defendant and Fourth-Party Plaintiff, et al., Fourth-Party Defendant.—Order of the Supreme Court, New York County (Eugene Nardelli, J.), filed December 27, 1989, which granted plaintiffs partial summary judgment as to the issue of liability on the second and third causes of action pursuant to Labor Law §§ 240 and 241, denied the cross motions of defendant and fourth-party defendant, Circle Industries Corp. and Heydt Contracting, for summary judgment, ordered severance of the action against the defendant Park Avenue Plaza Co. and directed an assessment of damages against Park Plaza Co., unanimously modified, on the law, insofar as to reverse that part of the order denying summary judgment to Heydt Contracting and otherwise affirmed, without costs.

Plaintiff, a laborer employed by third-party defendant Park Avenue Enterprises, Inc., suffered disabling injury when he fell from the fourteenth floor after attempting to step from the building to an exterior hoist tower without the aid of a ramp bridging the 2½-foot gap between the two structures.

Plaintiff moved for summary judgment on the issue of liability pursuant to Labor Law §§ 240 and 241 against building owner Park Avenue Plaza Co. and the general contractor, Park Avenue Enterprises, Inc., a third-party defendant in the action. Plaintiff's motion papers and supporting exhibits establish without contradiction that the plaintiff and his co-workers were ordered by the general contractor's foreman to remove excess building materials from the fourteenth floor by way of the hoist tower, and that this foreman knew the ramp which connected the building to the exterior hoist tower was missing. On the basis of this evidence, we find plaintiff has estab-

lished that the property owner and general contractor violated Labor Law § 240 (1) by failing to furnish or erect scaffolding and other devices on the construction site so as to give proper protection to persons employed thereon. Moreover, in view of the unrefuted evidence that the general contractor's foreman ordered the cleanup to be accomplished via the hoist tower, even in the absence of a safety ramp, the injury to plaintiff was not unforeseeable and, as such, the Labor Law violation was a proximate cause of plaintiff's injury (see, McGurk v Turner Constr. Co., 127 AD2d 526, 528).

We have searched the record and find the proof of Heydt Contracting Corp.'s lack of responsibility with respect to the ramps to be "prima facie sufficient to support [its] application for summary judgment" (Smith v Johnson Prods. Co., 95 AD2d 675, 676). According to the terms of the various subcontract agreements, as well as Heydt Contracting Corp.'s daily field reports and the deposition testimony given by the general contractor's construction superintendent, Mr. Finocchiaro, and Mr. Zepatos of Heydt Contracting Corp., Heydt Contracting Corp. was not responsible for either the construction, maintenance or removal of the ramp in question, and its responsibility applied solely to the hoist towers. Park Avenue Enterprises, Inc., the general contractor who opposes Heydt Contracting Corp.'s summary judgment motion with an attorney's affirmation, has failed to set forth proof in evidentiary form such that would require a trial of a material issue of fact (Smith v Johnson Prods. Co., supra, at 676-677). Concur—Ross, J. P., Rosenberger, Kassal, Ellerin and Rubin, JJ.