■ MARILYN VIGLIOTTI, Appellant-Respondent, v EXECUTIVE LAND CORPORATION et al., Respondents-Appellants and Third-Party Plaintiffs-Appellants, and RED-WING PRODUCTS, INC., et al., Respondents. ESSENTIAL ELECTRIC CORP., Third-Party Defendant-Appellant-Respondent, et al., Third-Party Defendants. —In an action, inter alia, to recover damages for wrongful death, (1) the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Zelman, J.), entered December 12, 1991, as denied her motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and granted summary judgment in favor of the defendants Heartland Selling Corporation and Heartland Building Corporation, and (2) the defendants third-party plaintiffs Executive Land Corporation and Heartland Building Corporation appeal from so much of the same order as denied their cross motion for summary judgment against defendant Red-Wing Products, Inc., and the third-party defendant Essential Electric Corp.,

for indemnification, and (3) third-party defendant Essential Electric Corp. appeals from so much of the same order as granted summary judgment dismissing the complaint against the defendants Heartland Selling Corporation and Heartland Building Corporation.

Ordered that the appeal by Essential Electric Corp. is dismissed, without costs or disbursements, since it is not aggrieved by the order appealed from (see, CPLR 5511); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

We agree with the Supreme Court that there are questions of fact as to whether the plaintiff proved a violation of Labor Law § 240 (1), and whether any alleged violation was a proximate cause of the accident. Accordingly, summary judgment in the plaintiff's favor was properly denied.

We also agree with the Supreme Court that both Executive Land Corporation and Red-Wing Products, Inc. were "owners" of the premises for purposes of Labor Law § 240 (1). Both the certificate of title and the building permit had been issued in the name of Executive Land Corporation, and although the deed was temporarily transferred to the Town of Islip Industrial Development Agency, this clearly constituted nothing more than a financing mechanism, not a genuine transfer of ownership (see, Collins v County of Monroe Indus. Dev. Agency, 167 AD2d 914, citing Matter of Erie County Indus. Dev. Agency v Roberts, 94 AD2d 532, 539, affd 63 NY2d 810). Red-Wing Products, Inc., was likewise an "owner" within the meaning of the statute, inasmuch as it was the contract vendee of the premises, had access thereto, and was the party that had contracted to have the electrical work performed (see, DeFreece v Penny Bag, 137 AD2d 744).

The Supreme Court likewise correctly granted summary judgment to both Heartland Selling Corporation and Heartland Building Corporation, there being no evidence that either exercised any supervision or control over the electrical work in question (see, Russin v Picciano & Son, 54 NY2d 311; Amico v Park Ave. Plaza Co., 168 AD2d 391). Bracken, J. P., Sullivan, Rosenblatt and Lawrence, JJ., concur.