■ DEVON WHEATLE, Respondent, v CITIBANK, NORTH AMERICA, Appellant, and MICHAEL WHEATLE et al., Respondents.—Order, Supreme Court, Bronx County (Barry Salman, J.), entered June 14, 1991, which, *inter alia,* granted plaintiff's motion and defendant AN Leasing Corporation's (AN Leasing) cross-motion for summary judgment, on the issue of ownership of a certain vehicle by defendant Citibank, North America (Citibank), and which denied Citibank's cross-motion for summary judgment on this issue, unanimously modified, on the law, to deny the plaintiff's motion and AN Leasing's cross-motion for summary judgment, and the matter is remanded for further proceedings, without costs.

This action stems from an August 22, 1986, motor vehicle accident, in which plaintiff, Devon Wheatle, sustained personal injuries as a passenger in an automobile driven by his brother, defendant Michael Wheatle. The vehicle had been leased by Michael Wheatle and his father, defendant Irvin Wheatle, from AN Leasing on July 10, 1986.

One day after execution of the Wheatle lease, AN Leasing executed an "ASSIGNMENT OF LEASE AND SALE OF VEHICLE", which provided that the lease and the subject vehicle were "s[old], assign[ed] and transferr[ed]" to Citibank. In reliance upon this document, the IAS Court granted plaintiff's motion for summary judgment against Citibank on the issue of ownership, and AN Leasing's cross-motion dismissing the complaint and cross-claims against it. The court denied Citibank's cross-motion for summary judgment.

At issue on appeal is whether Citibank may summarily be deemed the owner of the automobile in which plaintiff was injured, for the purposes of imputed liability under the Vehicle and Traffic Law which, at section 128, defines the word "owner" as follows: "A person, other than a lien holder, having the property in or title to a vehicle or vessel. The term includes a person entitled to the use and possession of a vehicle or vessel subject to a security interest in another person and also includes any lessee or bailee of a motor vehicle or vessel having the exclusive use thereof, under a lease or otherwise, for a period greater than thirty days."

In section 388 (3) of the Vehicle and Traffic Law, the following is provided: "As used in this section, 'owner' shall be

as defined in section one hundred twenty-eight of this chapter and their liability under this section shall be joint and several. If a vehicle be sold under a contract of sale which reserves a security interest in the vehicle in favor of the vendor, such vendor or his assignee shall not, after delivery of such vehicle, be deemed an owner within the provisions of this section, but the vendee, or his assignee, receiving possession thereof, shall be deemed such owner notwithstanding the terms of such contract, until the vendor or his assignee shall retake possession of such vehicle. A secured party in whose favor there is a security interest in any vehicle out of his possession, shall not be deemed an owner within the provisions of this section."

In light of this statutory language, and the particular facts presented by the record, we conclude that there exist material issues of fact regarding the status of the various defendants with respect to the vehicle in issue. For example, there is a question as to whether the ownership of the vehicle was in fact transferred to the defendants Wheatle, despite a facial leasing arrangement, with AN Leasing retaining solely a security interest *(see, Hertz Commercial Leasing Corp. v Transportation Credit Clearing House,* 59 Misc 2d 226, 228-229, *revd on other grounds* 64 Misc 2d 910). If so, this would limit what it could assign to Citibank *(see, Brandes v Pettibone Corp.,* 79 Misc 2d 651).

Further issues of fact attend the question of whether, irrespective of the relationship between the defendants Wheatle and AN Leasing, the transfer from AN Leasing to Citibank was intended only as a security interest and not as an absolute assignment. In this context, we note that AN Leasing, which is in the business of leasing motor vehicles, obtains loans and advances from Citibank to purchase the vehicles, and that its Security Agreement with Citibank provides, at Paragraph 3, that it is assigning to the latter a "purchase money security interest in all Vehicles and Leases in respect of which [Citibank] shall make an Advance". Paragraphs 5 and 7 of the Security Agreement make similar references to the assignment of leases to Citibank as "Collateral" for loans.

The question of whether a lease has been executed solely to provide security to the vendor is one which requires a careful examination of the facts and intentions of the parties, with a focus on the "economic reality" of the lease arrangement *(Hertz Commercial Leasing Corp. v Transportation Credit Clearing House, supra,* at 228). Such an inquiry requires an examination of the rights and obligations of the parties, and may not be determined solely by reference to the terminology

employed in agreements *(see, All Good Leasing Corp. v Bimco Indus.,* 143 AD2d 788; *Credit Car Leasing Corp. v DeCresenzo,* 138 Misc 2d 726).

The complications that may arise in these types of lease agreements are underscored by the claims and cross-claims raised in this action, which reveal significant factual controversy, as well as complex legal issues involving contribution and indemnification, and may not, therefore, be summarily determined. Concur—Sullivan, J. P., Milonas, Kupferman and Kassal, JJ.