■ GEORGE ADIMEY et al., Respondents, v ERIE COUNTY INDUSTRIAL DEVELOPMENT AGENCY, Appellant. [641 NYS2d 957] —Order reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying the motion of defendant, Erie County Industrial Development Agency (ECIDA), for summary judgment dismissing the complaint seeking damages for alleged common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). In *Collins v County of Monroe Indus. Dev. Agency (COMIDA)* (167 AD2d 914, 915, *lv dismissed* 77 NY2d 874), we held that a sale and lease-back transaction between the fee owner and COMIDA was not a "genuine allocation of ownership" for purposes of Labor Law § 240 (1). We concluded in *Collins* that "COMIDA served only as a conduit for the tax benefits derived by such an arrangement. It assumed no risk of loss and had no opportunity for gain. Midtown, by virtue of the lease back, retained its ownership ability to control the cir-

cumstances of construction upon the premises, and under these circumstances, was an owner within the meaning of section 240 of the Labor Law" (*Collins v County of Monroe Indus. Dev. Agency [COMIDA], supra,* at 915; *see also, Vigliotti v Executive Land Corp.,* 186 AD2d 646, 647).

The subject sale and lease-back transaction between Tonawanda Coke Co., the employer of plaintiff George Adimey, and ECIDA is identical in all material respects to the transaction between Midtown and COMIDA. Thus, because Tonawanda Coke retained its ownership ability to control the construction project upon the premises and ECIDA never acquired that ownership right and did not contract away or delegate it to another, ECIDA was not an owner within the meaning of Labor Law § 240 (1) or § 241 (6). Additionally, because ECIDA had no authority to control the work being performed, no liability attached to it under common-law negligence or section 200 of the Labor Law (*see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877).

All concur except Lawton and Davis, JJ., who dissent in part and vote to modify in the following Memorandum:

Lawton and Davis, JJ. (dissenting in part). We respectfully dissent in part. The majority's holding negates the clear wording of Labor Law § 240 (1), which states that an owner is absolutely liable for damages for injuries arising out of a violation of the statute. In this case, defendant, Erie County Industrial Development Agency (ECIDA) is the title owner of the property. If an exception is to be made for "pass-through" owners like defendant, then such a change must be made by the Legislature. ECIDA, as a public entity that owns the land, accepts the advantages and disadvantages associated with that ownership (*see, e.g., Spring Sheet Metal & Roofing Co. v County of Monroe Indus. Dev. Agency,* 226 AD2d 1064 [decided herewith]).

We concur with the majority's holding with regard to dismissal of the Labor Law §§ 200 and 241 (6) and common-law negligence causes of action. (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Labor Law.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.