■ SPRING SHEET METAL & ROOFING COMPANY, INC., Appellant, v COUNTY OF MONROE INDUSTRIAL DEVELOPMENT AGENCY et al., Respondents. [641 NYS2d 955] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: The Hyatt Regency Hotel (project) in Rochester was constructed on land owned by defendant County of Monroe Industrial Development Agency (COMIDA). Construction on the project began in the mid-1980s, but was discontinued before completion. In 1990 defendant CORH Associates, L.P. (CORH), a New York limited partnership of defendant general partner RHOCO Property, Inc., took over and completed the project. CORH contracted with defendant Flower City Glass Company, Inc. (Flower City) for the performance of work on the project, and Flower City subcontracted with plaintiff to fabricate and furnish metal facings. Pursuant to its contract with CORH, Flower City obtained a labor and materials payment bond (payment bond) from defendant United States Fidelity & Guaranty Co. (USF&G), providing that any action had to be commenced within one year from the date on which Flower City ceased work on the project. The project was completed and accepted on March 3, 1992.

On March 16, 1992, plaintiff filed a mechanic's lien in the amount of $85,130 in the office of the Monroe County Clerk. On May 4, 1992, Flower City discharged that lien, filing a bond in the amount of $100,000, also issued by defendant USF&G (lien bond) with the Monroe County Clerk. On July 23, 1992, plaintiff commenced this action to recover upon the lien bond.

On March 31, 1994, Flower City filed a petition in bankruptcy, and on May 18, 1994, plaintiff moved for leave to amend its complaint to add a cause of action against USF&G on the payment bond. USF&G cross-moved for summary judgment dismissing the complaint on the ground that the mechanic's

lien was invalid. USF&G also opposed plaintiff's motion to amend on the ground that plaintiff failed to commence an action within one year after the project was completed and, thus, its proposed cause of action on the payment bond was time barred. Supreme Court denied plaintiff's motion and granted the cross motion of USF&G for summary judgment dismissing plaintiff's complaint.

Although the motion to amend the complaint to assert a cause of action on the payment bond was not made within one year of the completion of the project, the original complaint gave notice of the transaction underlying the proposed cause of action, i.e., Flower City's failure to pay plaintiff for the work that it had performed on the project (*see,* CPLR 203 [f]; *Buran v Coupal,* 87 NY2d 173). Additionally, USF&G wrote both the payment and the lien bonds, both of which cover the same project. Both bonds refer to Flower City as the "principal" and the payment sought by plaintiff under the payment bond involves the same labor and materials for which the lien bond was intended to secure payment. However different the lien and the payment bonds may be in form, they both relate to the same project and the payments due thereunder, the lien bond specifically to plaintiff and the payment bond generally to those who performed labor and furnished material to the project, including plaintiff. The "transaction" out of which the obligation was incurred is identical under both bonds. Further, "[t]he bond of a contractor is construed in connection with, and in light of, the contract with which it is executed or the performance which it secures. The bond and contract are treated as one instrument" (11 NY Jur 2d, Bonds, § 46, at 297). Thus, the proposed cause of action properly relates back to the original complaint, which asserted the cause of action on the lien bond (*see, Tri-City Elec. Co. v People,* 96 AD2d 146, 151, *affd* 63 NY2d 969, *rearg denied* 64 NY2d 755). Finally, USF&G has failed to show that it would be prejudiced if the motion to amend were granted (*see generally, Duffy v Horton Mem. Hosp.,* 66 NY2d 473, 476-477; *Caffaro v Trayna,* 35 NY2d 245, 251).

The cause of action based upon the lien bond was properly dismissed. COMIDA, a public entity, owned the land on which the project was built. The Lien Law does not permit the filing of a mechanic's lien against a project on publicly owned land even where, as here, it is leased to a private entity to be used for a private purpose (*see, Paerdegat Boat & Racquet Club v Zarrelli,* 83 AD2d 444, *revd* 57 NY2d 966 *for reasons stated in concurring in part and dissenting in part opn below; Plattsburg Quarries v Markoff,* 164 AD2d 30, *lv denied* 77 NY2d 809). Fur-

ther, a valid public improvement lien could not be filed against the project because "the commercial improvement was constructed by a private entity, rather than a State or public agency, on publicly owned real property" (*Matter of Demilo Corp. [Black Iron-Rebar & Lathing],* 187 AD2d 404, 405). We reject plaintiff's contentions that defendants should be estopped from asserting the invalidity of the lien and that USF&G waived the right to assert its invalidity. The invalidity of the lien need not be raised as an affirmative defense (*see, Dittmar Explosives v A. E. Ottaviano, Inc.,* 20 NY2d 498, 502), and the issuance of the lien bond by USF&G does not constitute an admission of its validity (*see, Tri-City Elec. Co. v People, supra,* at 150). USF&G, as surety, may contest the validity of the lien "whenever the lienor seeks to enforce it" (*J. Castronovo, Inc. v Hillside Dev. Corp.,* 160 AD2d 763, 765).

We therefore modify the order by granting plaintiff's motion to amend the complaint and otherwise affirm. (Appeal from Order of Supreme Court, Monroe County, Frazee, J.—Amend Complaint.) Present—Green, J. P., Pine, Fallon, Callahan and Boehm, JJ.