■ MENDEL WEISS et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendant. CITY OF NEW YORK, Third-Party Plaintiff, v NEW YORK CITY INDUSTRIAL DEVELOPMENT AGENCY, Third-Party Defendant, and K & B FURNITURE WARE-HOUSE, Third-Party Defendant-Respondent. (And a Fourth-Party Action.) [688 NYS2d 533] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered February 23, 1998, which, in an action for personal injuries against defendants City of New York and New York City Industrial Development Agency, granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff, an employee of K & B Furniture Warehouse, fell down an elevator shaft in a building owned by defendant Agency. It is uncontroverted that the Agency acquired title to the premises from plaintiff's employer in name only, to facilitate the sale of tax exempt bonds. The purpose was to provide financing to plaintiff's employer, which leased the premises back from the Agency. The employer was solely responsible for operation and maintenance of the premises. Thus, the Agency was not a person operating the factory within the meaning of Labor Law § 316 (1) who can be held liable under Labor Law § 255 for the alleged failure to maintain the elevator in a safe condition. We reject plaintiff's argument that *Coleman v City of New York* (91 NY2d 821) and *Adimey v Erie County Indus. Dev. Agency* (89 NY2d 836, *modfg* 226 AD2d 1053), decided under Labor Law § 240 (1), control who is liable for purposes of Labor Law §§ 316 and 255.

The action was properly dismissed as against defendant City absent a claim that it owed plaintiff a special duty to inspect the elevator (*see, O'Connor v City of New York,* 58 NY2d 184). Concur—Ellerin, P. J., Rosenberger, Andrias, Saxe and Friedman, JJ.