In the Matter of PANSINI STONE SETTING, INC., Respondent, v CROW AND SUTTON ASSOCIATES, INC., et al., Appellants, et al., Respondents. TRAVELERS CASUALTY & SURETY COMPANY, Nonparty Appellant. [799 NYS2d 110]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, Crow and Sutton Associates, Inc., appeals from a judgment of the Supreme Court, Westchester County (Donovan, J.), entered April 12, 2004, which, upon an order of the same court entered March 24, 2004, inter alia, granting the petition and denying its motion to vacate or modify the award, confirmed the award and is in favor of the petitioner and against it in the principal sum of $234,321.85, and Travelers Casualty & Surety Company, Reliance Insurance Company, Reliance Surety Company, and Reliance National Indemnity Company separately appeal from the same judgment. The notices of appeal from the order are deemed to be notices of appeal from the judgment (*see* CPLR 5512 [a]).

Ordered that the appeal of Travelers Casualty & Surety Company, Reliance Insurance Company, Reliance Surety Company, and Reliance National Indemnity Company is dismissed, as those parties are not aggrieved by the judgment appealed from (*see* CPLR 5511); and it is further,

Ordered that the judgment is affirmed insofar as appealed from by Crow and Sutton Associates, Inc.; and it is further,

Ordered that one bill of costs is awarded to the petitioner payable by Crow and Sutton Associates, Inc.

An arbitration award may not be vacated unless it is irrational, violates a strong public policy, or clearly exceeds a limitation imposed on the arbitrator as set forth in CPLR 7511 (b) (*see Matter of Board of Educ. of Arlington Cent. School Dist. v Arlington Teachers Assn.*, 78 NY2d 33, 37 [1991]; *Matter of Rockland County Bd. of Cooperative Educ. Servs. v BOCES Staff Assn.*, 308 AD2d 452, 453-454 [2003]; *Matter of Pine Plains Cent. School Dist. v Kimball*, 272 AD2d 332, 333 [2000]). Contrary to the contention of Crow and Sutton Associates, Inc. (hereinafter Crow & Sutton), the arbitration panel gave a rational construction to the contract under consideration in denying its claim to recoup the costs of completing the petitioner's abandoned work. The relevant contract provision set forth explicit notice requirements that had to be satisfied before such recovery could be obtained, and there was no evidence that Crow & Sutton complied with these requirements. It appears that the panel strictly construed the relevant contract provision and found Crow & Sutton's performance thereunder lacking.

The panel also acted rationally in crediting the petitioner's evidence regarding the amount of work it completed in order to determine the value of the petitioner's claim. The contract itself

provided the method of measurement, and the arbitration panel indicated that it relied on this measurement.

Nor is there support for Crow & Sutton's position, raised for the first time on appeal, that the award violated public policy. The alleged failure of a non-union employer to pay its employees less than prevailing union wages and benefits is not necessarily violative of public policy, especially where, as here, it does not appear that the work was performed as part of a public project (*see Brukhman v. Giuliani,* 94 NY2d 387, 393 [2000]). "An arbitration award may be vacated on public policy grounds only where it is clear on its face that public policy precludes its enforcement" (*Matter of Jaidan Indus. v M.A. Angeliades, Inc.,* 97 NY2d 659, 661 [2001]; *Matter of Matra Bldg. Corp. v Kucker,* 2 AD3d 732, 734 [2003]). Here, there is no such proscription.

Crow & Sutton's remaining contentions are without merit.

Travelers Casualty & Surety Company, Reliance Insurance Company, Reliance Surety Company, and Reliance National Indemnity Company are not aggrieved by a mere reference in the underlying order stating that Reliance Insurance Company, as the issuer of a mechanic's lien discharge bond, "would be responsible to pay any judgment rendered against [Crow & Sutton]." The statement was made in a footnote and was not an adjudicatory provision directing those parties to pay the petitioner. The arbitration award was entered only against Crow & Sutton, the Supreme Court confirmed the award only as against Crow & Sutton, and the judgment directs payments only by Crow & Sutton. The statement does not enable the petitioner to avoid the lien foreclosure process in an effort to collect on the discharge bond (*see Martirano Constr. Corp. v Briar Contr. Corp.,* 104 AD2d 1028 [1984]; *Royal Ins. Co. of Am. v Citizens Dev. of Oneonta,* 200 AD2d 804 [1994]), and obviously refers to a judgment resulting from such a foreclosure proceeding. H. Miller, J.P., Rivera, Spolzino and Skelos, JJ., concur.