**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted August 16, 2005
Decided August 18, 2005

Before

**Hon.** WILLIAM J. BAUER, Circuit Judge

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** DANIEL A. MANION, Circuit Judge

| | |
|---|---|
| UNITED AIRLINES, INC.,<br>   *Plaintiff-Appellee.*<br><br>**No**. 05-1682      **v.**<br><br>BANK OF NEW YORK, not individually, but<br>as Successor Trustee<br>   *Defendant-Appellant.* | Appeal from the United<br>States District Court<br>for the Northern<br>District of Illinois,<br>Eastern Division.<br><br>No. 04 C 2838<br>John W. Darrah, *Judge*. |

**Order**

Since issuing its opinion in *United Airlines v. HSBC Bank USA, N.A.*, No. 04-4209 (July 26, 2005), this court has twice solicited the parties' views on the question whether the facts and law of the transactions at other airports were sufficiently similar that the additional pending appeals could be resolved summarily on the authority of that decision.

United contends that both the facts and law bearing on the transaction at John F. Kennedy International Airport in New York are materially identical to those at San Francisco International Airport and covered by our published opinion. The indenture trustee for the JFK transaction concedes the former point: "BNY does not contend that the overall structure of the JFK transaction is materially different from that of the SFO

transaction."

Although the trustee contends that New York law differs from California law, that contention is not supported by analysis or even citation. Instead the trustee promises that legal analysis will be forthcoming in its brief on the merits. But our orders were designed to ascertain *whether* such briefs need be filed, and the trustee has not supplied any reason to continue with this litigation. In New York, as in California, a transaction with the form of a lease but the function of secured credit is not treated as a "true lease." See, e.g., *Collins v. Monroe County Industrial Development Agency*, 561 N.Y.S.2d 995 (App. Div. 1990); *All Good Leasing Corp. v. Bimco Industries, Inc.*, 533 N.Y.S.2d 336 (App. Div. 1988). We see no reason to doubt that the district judge resolved the JFK matter correctly under New York law, and the trustee, having twice spurned our request to provide an explanation for its position, is in no position to request a third opportunity.

AFFIRMED.