PANSINI STONE SETTING, INC., Appellant, v CROW AND SUTTON ASSOCIATES, INC., et al., Respondents. [850 NYS2d 133]——

In an action, inter alia, to recover on a lien discharge bond, the plaintiff appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered May 12, 2006, which denied its motion for leave to serve a second amended verified complaint adding a cause of action based upon a labor and materials payment bond and adding as defendants St. Paul Travelers Companies, Inc., and Travelers Casualty & Surety Company of America.

Ordered that the order is reversed, on the law and in the exercise of discretion, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motion is granted, and the proposed second amended verified complaint which was annexed to the plaintiff's motion papers is deemed served.

In 1996, the defendant general contractor Crow and Sutton Associates, Inc. (hereinafter Crow & Sutton) hired the plaintiff Pansini Stone Setting, Inc., to construct fieldstone walls at the headquarters of the defendant I.B.M. Corporation (hereinafter IBM) in Armonk, New York. Prior to the commencement of work, Crow & Sutton obtained a labor and materials payment bond (hereinafter the performance bond) in the amount of $1,557,502 from the defendant Reliance Insurance Company (hereinafter Reliance) for the benefit of the defendants the Whiting-Turner Contracting Company (hereinafter Whiting-Turner), the construction manager, and IBM.

After the work had begun, a dispute arose between Crow & Sutton and the plaintiff regarding the contract price of "mortar materials." Unable to resolve the issue, the plaintiff abandoned the job. The plaintiff filed a mechanic's lien against IBM's property in the sum of $167,375, which allegedly remained outstanding. Crow & Sutton obtained a bond in the amount of $182,500 from Reliance, which it filed to discharge the mechanic's lien (hereinafter the lien discharge bond). The plaintiff commenced this action on the lien discharge bond on or about August 20, 1997.

The parties stipulated to submit the dispute to arbitration. On September 18, 2003 the majority of a three-person arbitration panel issued an award in the plaintiff's favor in the principal sum of $234,321.85. The plaintiff moved to confirm the award; Crow & Sutton, IBM, and Whiting-Turner cross-moved to vacate it. Travelers Casualty & Surety Company of America (hereinafter Travelers), which had assumed the obligations of Reliance under both the performance bond and the lien discharge bond, cross-moved to intervene in the action. The plaintiff opposed Travelers' cross motion. The Supreme Court confirmed the award, but only against Crow & Sutton, and denied Travelers' motion to intervene. We affirmed the confirmation of the award (see Matter of Pansini Stone Setting Inc. v Crow & Sutton Assoc. Inc., 20 AD3d 481 [2005]).

On or about February 2, 2006 the plaintiff moved for leave to serve a second amended verified complaint adding a cause of action based upon the performance bond and adding Travelers and its parent, St. Paul Travelers Companies, Inc. (hereinafter

St. Paul), as defendants. The Supreme Court denied the motion. We reverse.

"In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*G.K. Alan Assoc., Inc. v Lazzari*, 44 AD3d 95, 99 [2007]; *see* CPLR 3025; *Trataros Constr., Inc. v New York City Hous. Auth.*, 34 AD3d 451 [2006]; *Surgical Design Corp. v Correa*, 31 AD3d 744 [2006]; *Melendez v Bernstein*, 29 AD3d 872 [2006]). Applying this rule, the plaintiff's motion should have been granted.

The performance bond and the lien discharge bond were issued by the same insurer, with regard to the same project, and insured payment for the same labor and material. The only prejudice that the defendants assert is that they will be exposed to additional potential liability as a result of the amendment. Prejudice, however, requires that "the defendant has been hindered in the preparation of his [or her] case or has been prevented from taking some measure in support of his [or her] position" (*Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23 [1981]; *see Whalen v Kawasaki Motors Corp., U.S.A.*, 92 NY2d 288, 293 [1998]). The defendants have made no such showing here. Exposure to additional liability does not, in itself, constitute prejudice (*see Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d at 23). The Supreme Court therefore improvidently exercised its discretion in denying leave to amend to add the cause of action on the performance bond (*see Spring Sheet Metal & Roofing Co. v County of Monroe Indus. Dev. Agency*, 226 AD2d 1064, 1065 [1996]).

Leave to amend to add a party is subject to the same permissive standard. Where the claim against the new party would otherwise be barred by the applicable statute of limitations, the claim may nonetheless be asserted upon demonstrating that "(1) both claims arose out of the same conduct, transaction, or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that the new party will not be prejudiced in maintaining its defense on the merits by the delayed, otherwise stale, commencement, and (3) the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against that party as well" (*Austin v Interfaith Med. Ctr.*, 264 AD2d 702, 703 [1999]; *see Porter v Annabi*, 38 AD3d 869, 870 [2007]; *Pappas v 31-08 Café Concerto*, 5 AD3d 452, 453 [2004]). Since the plaintiff's

claim against Travelers and its parent, St. Paul, arises from the assumption of the obligations that are otherwise at issue in this action, the plaintiff's motion here satisfies all of these requirements.

The defendants' argument that the plaintiff acted unreasonably in failing to act promptly to add Travelers and St. Paul as parties is not a basis for denying the motion. Only an excuse, not a reasonable excuse, is necessary to support the plaintiff's application to add a new defendant, as long as the delay was not intentional (*see Buran v Coupal*, 87 NY2d 173, 181 [1995]; *Davis v Larhette*, 39 AD3d 693, 694 [2007]; *DeLuca v Baybridge at Bayside Condominium I*, 5 AD3d 533, 535 [2004]). Since the plaintiff tendered such an excuse, and there is no evidence that the plaintiff's failure to move more quickly was intentional, the motion should have been granted. Spolzino, J.P., Krausman, Goldstein and Dickerson, JJ., concur.