■ In the Matter of BOARD OF MANAGERS OF CENTURY CONDOMINIUM, Respondent, v BOARD OF ASSESSORS et al., Appellants. [945 NYS2d 727]—

In related proceedings pursuant to Real Property Tax Law article 7 to review the tax assessments of the petitioner's real property for the tax years 2006/2007 through 2010/2011, which were joined for disposition, the Board of Assessors, the Board of Assessment Review, and the Assessment Review Commission of the County of Nassau appeal, as limited by their brief, from so

much of an order of the Supreme Court, Nassau County (Adams, J.), dated December 10, 2010, as granted that branch of the petitioner's motion which was for leave to amend the petitions for the tax years 2007/2008 and 2008/2009 and denied that branch of their cross motion which was to dismiss the petition for the tax year 2007/2008 on the ground, inter alia, that the petitioner failed to identity the specific individual units at issue in the 2007/2008 petition.

Ordered that the order is affirmed insofar as appealed from, with costs.

The petitioner manages real property in Great Neck. The subject property is a condominium complex consisting of 57 residential apartment units and 110 garage units. In its grievance filed with the Assessment Review Commission of the County of Nassau, the petitioner challenged the real property tax assessment of all of the units within the condominium for the tax years 2007/2008 and 2008/2009. However, in the petitions challenging the assessments for those tax years filed in the Supreme Court, the petitioner identified only 25 units. The petitioner moved, inter alia, for leave to amend those petitions to add the other 142 units. The Board of Assessors, the Board of Assessment Review, and the Assessment Review Commission of the County of Nassau (hereinafter collectively the appellants) cross-moved, among other things, to dismiss the petition for the tax year 2007/2008 on the ground that the petitioner failed to identity the specific individual units at issue. The Supreme Court granted that branch of the petitioner's motion and denied that branch of the appellants' cross motion.

Contrary to the appellants' contention, the petitioner's failure to identity the specific individual units at issue in the petition for the tax year 2007/2008 does not warrant dismissal of that petition (*see* RPTL 706). Moreover, it was not beyond the authority of the Supreme Court to allow the proposed amendments to the petitions for the tax years 2007/2008 and 2008/2009, as the petitioner did not seek "new and different relief" (*Matter of Sterling Estates v Board of Assessors of County of Nassau*, 66 NY2d 122, 124 [1985]). Furthermore, the Supreme Court did not improvidently exercise its discretion in granting leave to amend the petitions. Generally, in the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit (*see American Cleaners, Inc. v American Intl. Specialty Lines Ins. Co.*, 68 AD3d 792, 794 [2009]; *Pansini Stone Setting, Inc. v Crow & Sutton Assoc., Inc.*, 46 AD3d 784, 786 [2007]; *Matter of Xerox Corp. v*

*Duminuco*, 216 AD2d 950 [1995]). Exposure to additional liability does not, in itself, constitute prejudice (*see Pansini Stone Setting, Inc. v Crow & Sutton Assoc., Inc.*, 46 AD3d at 786). Rather, prejudice "requires that the defendant has been hindered in the preparation of his [or her] case or has been prevented from taking some measure in support of his [or her] position" (*id.* [internal quotation marks omitted]). In this instance, the appellants will not be prejudiced by the amendments. Indeed, the appellants prepared an appraisal report valuing the condominium as a single entity with 167 units. Therefore, the Supreme Court properly granted that branch of the petitioner's motion which was for leave to amend the petitions for the tax years 2007/2008 and 2008/2009.

The appellants' remaining contentions are either not properly before this Court or without merit. Mastro, A.P.J., Florio, Chambers and Roman, JJ., concur.