■ In the Matter of 91st Street Crane Collapse Litigation. Xhevahire Sinanaj, as Co-Administrator of the Estate of Ramadan Kurtaj, Deceased, Respondent, et al., Plaintiff, v City of New York et al., Appellants, et al., Defendants. (And Third-Party Actions.) In the Matter of 91st Street Crane Collapse Litigation. Maria Leo, Respondent, v City of New York et al., Appellants, et al., Defendants. (And Third-Party Actions.) [976 NYS2d 376]—

Orders, Supreme Court, New York County (Manuel J. Mendez, J.), entered May 14, 2013, which denied the City defendants' motions for summary judgment dismissing the Labor Law § 240 claims as against them, unanimously reversed, on the law, without costs, and the motions granted.

The city defendants established prima facie that they were not owners under Labor Law § 240 (1) (see Scaparo v Village of Ilion, 13 NY3d 864 [2009]). The City had transferred ownership of the construction site to the New York City Education Construction Fund, a state agency, nearly a year and a half before the May 2008 crane accident in which plaintiffs' decedents were killed, and had neither retained nor exercised any ownership rights with respect to the property or the construction project. In opposition, plaintiffs rely on Vigliotti v Executive Land Corp. (186 AD2d 646, 647 [2d Dept 1992]), in which the transfer of a deed was found to be "nothing more

than a financing mechanism, not a genuine transfer of ownership." However, nothing in the record before us casts doubt on the genuineness of the City's transfer of ownership in this case. Concur—Gonzalez, P.J., Andrias, Saxe, Richter and Clark, JJ. **[Prior Case History: 2013 NY Slip Op 31051(U).]**