Wander v St. John's Univ. (2018 NY Slip Op 05353)





Wander v St. John's Univ.


2018 NY Slip Op 05353


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-04136
 (Index No. 34854/07)

[*1]Lawrence Wander, et al., respondents, 
v
St. John's University, et al., appellants.


Davis Wright Tremaine, LLP, New York, NY (Lyle S. Zuckerman and Roy P. Salins of counsel), for appellants.
Kaiser Saurborn & Mair, P.C., New York, NY (Daniel J. Kaiser and Israel Goldberg of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for discrimination on the basis of age in violation of the New York State Human Rights Law (Executive Law § 296), the defendants appeal from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated January 4, 2016. The order granted the plaintiffs' motion pursuant to CPLR 3017 and 3025 for leave to supplement the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiffs were tenured professors at Peter J. Tobin College of Business (hereinafter TCB), which is part of St. John's University (hereinafter SJU). The plaintiffs commenced this action in September 2007 to recover damages for discrimination on the basis of age in violation of the New York State Human Rights Law (Executive Law § 296) and the New York City Human Rights Law (Administrative Code of City of NY § 8-107 et seq.). The complaint alleged that the defendants engaged in a variety of practices which resulted in systematic discrimination against older employees and that, through these practices, the plaintiffs were discriminated against on the basis of their age. The complaint further alleged that when the plaintiffs objected to these discriminatory practices, the defendants took adverse employment actions against them, including suspending them without pay and proposing that their employment be terminated. The complaint sought unspecified plenary damages including, but not limited to, lost past and future [*2]earnings. The plaintiffs ultimately were terminated from their positions in late 2008 following disciplinary proceedings conducted by SJU. In 2015, the plaintiffs moved pursuant to CPLR 3017 and 3025 for leave to supplement the complaint to, inter alia, enumerate their damages related to the termination of their employment. The defendants opposed the motion, arguing that the plaintiffs were, in reality, seeking to plead a new time-barred cause of action for discriminatory termination based on age. The defendants also asserted prejudice and surprise by the relief sought in the plaintiffs' motion. The Supreme Court granted the plaintiffs' motion and the defendants appeal.
"In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Mannino v Wells Fargo Home Mtge., Inc., 155 AD3d 860, 862; see CPLR 3025[b]). The determination to permit or deny amendment is committed to the sound discretion of the trial court (see CPLR 3025[b]; Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959). While a proposed amendment generally is considered patently devoid of merit if it is time-barred under the applicable statute of limitations (see Ricca v Valenti, 24 AD3d 647, 648; Quinto v New York City Tr. Auth., 7 AD3d 689), contrary to the defendants' contention, the plaintiffs' proposed amendments, which enumerate damages, are not time-barred. Further, under the circumstances of this case, the defendants cannot show prejudice or surprise, given their own prior acknowledgment in their reply memorandum of law in support of their motion to dismiss the complaint that at the core of the plaintiffs' "grievances in this case is the disciplinary process that resulted in their suspension without pay, the revocation of tenure, and their discharge" (emphasis added) (see generally Pansini Stone Setting, Inc. v Crow & Sutton Assoc., Inc., 46 AD3d 784).
Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiffs' motion pursuant to CPLR 3017 and 3025 for leave to supplement the complaint.
LEVENTHAL, J.P., SGROI, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court