■ MILTON I. CELESTINE et al., Respondents, v CITY OF NEW YORK et al., Respondents, et al., Defendants, and LONG ISLAND RAIL ROAD COMPANY, Appellant. (And Other Actions.) — In a negligence action to recover damages for personal injuries, etc., defendant Long Island Rail Road Company appeals from so much of an order of the Supreme Court, Kings County (Jordan, J.), entered April 3, 1981, as denied that branch of its motion for summary

judgment dismissing plaintiffs' second cause of action. Order affirmed insofar as appealed from, with $50 costs and disbursements to respondent LIMA. Defendant Long Island Rail Road Company (LIRR) contends that it should not be deemed an owner for purposes of subdivision 6 of section 241 of the Labor Law, because the property upon which the incident occurred was the subject of an easement granted by it to codefendants City of New York and New York City Transit Authority. We disagree. As the grantor of an easement, the LIRR still remained the owner of the fee (see *Streuber v Meacham & Sons,* 163 App Div 574). Subdivision 6 of section 241 of the Labor Law, as it existed when this accident occurred (L 1969, ch 1108, § 3), made no distinctions based on encumbrances of any sort on ownership. The subdivision provided, in relevant part: *"All* contractors and *owners* and their agents, when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirements * * * 6. All areas in which construction, excavation or demolition work is being performed shall be so constructed, * * * operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein". (Emphasis added.) The purpose of the 1969 amendment to section 241 of the Labor Law was to impose a nondelegable duty upon owners and general contractors to provide reasonable and adequate protection and safety to persons employed in construction, excavation or demolition work, regardless of the absence of control, supervision or direction of the work (*Allen v Cloutier Constr. Corp.,* 44 NY2d 290). Liability arises out of the duties referred to in section 241 and may not be escaped by delegation. (*Page v La Buzzetta,* 73 AD2d 483, 484.) Although the construction was not in connection with a "building", in the narrow sense of that word, we concur with the interpretation of this section by the Fourth Department in *Tilkins v City of Niagara Falls* (52 AD2d 306) and the Third Department in *Page v State of New York* (73 AD2d 479), which concluded that subdivision 6 of section 241 of the Labor Law is not limited to building sites. Mollen, P. J., Lazer, Cohalan and Thompson, JJ., concur.