■ ELIZABETH A. NIGRO, as Administratrix of the Estate of JOYCE E. NIGRO, Deceased, Appellant, v CRAIG L. BENJAMIN et al., Respondents.—Judgment unanimously affirmed without costs. Memorandum: In our view, defendant's testimony that there was no basis for stating that plaintiff's decedent was suffering from a hormonal mass was not admitted in violation of the Dead Man's Statute (CPLR 4519). By testifying on her own behalf concerning defendant's examination of her mother on July 13, 1979, plaintiff waived the protection of the statute and opened the door to this limited testimony *(see, Matter of Wood,* 52 NY2d 139, 145; *Cole v Sweet,* 187 NY 488, 491). To hold otherwise would be to condone "the unfair use of the statute as a sword rather than a shield" *(Matter of Wood, supra,* at 145; *see also, Matter of Radus,* 140 AD2d 348, 349).

The court did not err by admitting limited testimony concerning the protocol defendant followed when conducting breast examinations on his patients *(see, Halloran v Virginia Chems.,* 41 NY2d 386, 392).

Defense counsel's summation was fair comment on the evidence and plaintiff's claim that defense counsel needlessly interrupted her attorney's summation is meritless in light of

the fact that four of the six objections registered by defense counsel were sustained. (Appeal from judgment of Supreme Court, Erie County, Gossel, J.—medical malpractice.) Present —Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.