■ ARTHUR BROWN, Respondent, v CHRISTOPHER STREET OWNERS CORPORATION et al., Defendants, and ANNE HACK, Appellant. ARTHUR BROWN, Appellant, v CHRISTOPHER STREET OWNERS CORPORATION et al., Respondents, et al., Defendant. [620 NYS2d 374] —Order of the Supreme Court, New York County (Harold Tompkins, J.), entered June 18, 1993, which, inter alia, granted plaintiff's motion for summary judgment as to liability against defendant Hack and denied it as against defendants Christopher Street Owners Corporation and Courtfield Properties Management, Inc., and which granted Christopher Street's motion for summary judgment dismissing the complaint against it and, upon searching the record, dismissed the complaint against Courtfield Properties Management, Inc., unanimously modified, on the law, to the extent of dismissing the complaint in its entirety and, except as so modified, affirmed, without costs.

On April 18, 1990, plaintiff Arthur Brown was hired by defendant Anne Hack, a proprietary tenant and shareholder of a cooperative apartment unit, to clean the windows. While cleaning the exterior of a window, plaintiff slipped off the exterior ledge or sill and fell three stories to a concrete courtyard. Defendant Christopher Street Owners Corporation is the owner of the multiple dwelling and defendant Courtfield Properties Management, Inc. is the manager of the premises.

Plaintiff sought recovery for his injuries against the various

defendants pursuant to Labor Law §§ 202 and 240. Supreme Court granted plaintiff's motion for summary judgment as to liability pursuant to CPLR 3212 and Labor Law § 240 (1) only as against defendant Hack, granted defendant Christopher Street Owners Corporation's motion for summary judgment dismissing the complaint against it and, upon searching the record, dismissed the complaint against Courtfield Properties Management, Inc.

Accepting plaintiff's theory of liability pursuant to Labor Law § 240 (1), it is apparent that plaintiff was hired solely by the tenant, without the consent or the knowledge of either the owner or managing agent. It is well settled that, to recover under Labor Law §§ 200, 240 and 241 as a member of the special class for whose protection these provisions were adopted, a plaintiff must establish two criteria: (1) that he was permitted or suffered to perform work on a structure and, (2) that he was hired by the owner, the general contractor or an agent of the owner or general contractor *(Mordkofsky v V.C.V. Dev. Corp.,* 76 NY2d 573, 576-577, citing *Whelen v Warwick Val. Civic & Social Club,* 47 NY2d 970, 971). As there is no suggestion that defendant Hack functioned as the agent of either the cooperative corporation or its managing agent in engaging the services of plaintiff, he has failed to assert any grounds to impose liability upon these two defendants. That defendant Hack is an owner of shares in the cooperative corporation and the holder of a proprietary lease in premises operated and maintained by the managing agent does not suffice to hold either the cooperative or the agent answerable for plaintiff's injuries. Moreover, the hiring of anyone to perform services involving work on the exterior of the building is a violation of the express terms of the proprietary lease.

The memorandum decision does not discuss the basis for defendant Hack's liability under the Labor Law, indicating only that she failed to provide plaintiff with any safety device and did not instruct him not to clean the windows from the outside. In view of the express exemption from the statute for owners of one- and two-family dwellings (Labor Law § 240), the extension of liability to a mere tenant of residential premises is a cipher. Furthermore, there is direct authority that exempts someone engaged by a householder to clean windows from the operation of the statute.

This matter is governed by the Court of Appeals' decision in *Connors v Boorstein* (4 NY2d 172), which is entirely dispositive of the issues presented. In that case, the Court emphasized that the protection afforded by Labor Law § 240 is limited to

cleaning that is "incidental to building construction, demolition and repair work and not to the cleaning of the windows of a private dwelling by a domestic" *(supra,* at 175). The Court further noted that the Legislature has enacted a specific provision for the protection of those engaged in cleaning windows in "public buildings" where such work is not incidental to construction activities at the premises (Labor Law § 202) and that this protection extends to apartment houses (citing *Pollard v Trivia Bldg. Corp.,* 291 NY 19). Finally, the Court concluded that neither provision subjects the householder to the absolute liability imposed upon the party in control of the building *(supra,* at 175; *see, Homin v Cleveland & Whitehill Co.,* 281 NY 484; *Schneier v Owen Realty Co.,* 271 App Div 983).

As to the liability of defendant cooperative corporation and its managing agent, there is no evidence to suggest that either defendant "required or permitted the window to be cleaned or that its officers or agents had any knowledge or information that work was to be or was being done" *(Homin v Cleveland & Whitehill Co., supra,* at 489). Concur—Ellerin, J. P., Kupferman, Rubin and Nardelli, JJ.