■ ROBERT SCHWARTZ, Respondent, v AETNA LIFE INSURANCE AND ANNUITY COMPANY, Appellant, et al., Defendant. [626 NYS2d 632] —Order affirmed with costs. Memorandum: Aetna Life Insurance and Annuity Company (defendant) argues that Supreme Court erred in denying its motion for summary judgment and in *sua sponte* granting summary judgment to plaintiff. Each party submitted unsworn medical records in support of its position; neither party has objected to the admissibility of the medical records submitted by the other. Thus, the court properly considered those unsworn medical records in determining that plaintiff was entitled to summary judgment *(see, Borchardt v New York Life Ins. Co.,* 102 AD2d 465, 467-468, *affd* 63 NY2d 1000).

The dissent argues that summary judgment should not have been granted to plaintiff, a non-moving party, because a search of the record reveals the existence of a potentially meritorious Statute of Limitations' defense. That argument was not raised by defendant in its brief on appeal, however, and we therefore do not consider it.

All concur except Lawton, J., who dissents in part and votes to modify in the following Memorandum.

Lawton, J. (dissenting in part). I dissent in part because Supreme Court should not have sua sponte granted plaintiff summary judgment. CPLR 3212 (b) permits a court to grant summary judgment to a non-moving party without a cross motion. That relief is warranted only if, after searching the record, a court concludes that no triable issues of fact exist

and that the non-moving party is entitled to judgment as a matter of law *(see generally, Grimaldi v Pagan,* 135 AD2d 496; *Fertico Belgium v Phosphate Chems. Export Assn.,* 100 AD2d 165, 171). Those conditions have not been met in this case. A search of the record reveals the existence of a potentially meritorious Statute of Limitations' defense. Moreover, neither party submitted proof in evidentiary form to establish entitlement to judgment as a matter of law. That failure, which precludes the granting of summary judgment to defendant, likewise precludes the granting of summary judgment to plaintiff *(see generally, Lough v City of Syracuse,* 191 AD2d 1018, 1019; *Rohr v Hoyt,* 159 AD2d 980).

I would, therefore, modify the order by vacating that part of the order granting summary judgment to plaintiff. (Appeal from Order of Supreme Court, Onondaga County, Mordue, J.— Summary Judgment.) Present—Pine, J. P., Lawton, Wesley, Callahan and Davis, JJ.