■ Anthony Marchese, Jr., Appellant, v Eugene J. Grossarth, Defendant and Third-Party Plaintiff-Respondent. Cablevision Industries, Third-Party Defendant-Respondent. [648 NYS2d 810] —Mercure, J. Appeal from an order of the Supreme Court (Torraca, J.), entered July 3, 1995 in Sullivan County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

At all relevant times, defendant was the owner of a three-unit apartment building in Sullivan County. One of his tenants, Linda Romero, arranged for the installation of cable television in her apartment by third-party defendant, which sent

plaintiff to do the work on January 20, 1989. During the course of his work, plaintiff fell from a ladder that he had placed against an exterior wall of the building, sustaining personal injuries. Plaintiff then commenced this action alleging a violation of Labor Law § 240 (1) and, following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint upon the ground that plaintiff did not fall within the class of individuals protected by the Labor Law. Supreme Court granted the motion and dismissed the complaint against defendant. Plaintiff appeals.

We affirm. It is established law that "[t]o come within the special class for whose benefit absolute liability is imposed upon contractors, owners and their agents to furnish safe equipment for employees under section 240 of the Labor Law, a plaintiff must demonstrate that he was both permitted or suffered to work on a building or structure and that he was hired by someone, be it owner, contractor or their agent" (*Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971; *see*, *D'Argenio v Village of Homer*, 202 AD2d 883, 884). Defendant supported the summary judgment motion with his own affidavit wherein he stated that, because he retained no managing agent, he was the only person with authority to grant permission for the installation of cable television in the apartment building and that no such permission was ever requested or granted at any time prior to January 20, 1989. In fact, he indicated that he was unaware that anyone had been at the building to install cable television until he was served with the summons and complaint in this action. Plaintiff came forward with no competent evidence to controvert defendant's showing, mandating the conclusion that plaintiff was hired by Romero, a mere tenant, without the knowledge or consent of defendant or his agent (*see*, *Aviles v Crystal Mgt.*, 233 AD2d 129; *Brown v Christopher St. Owners Corp.*, 211 AD2d 441, *affd* 87 NY2d 938). As such, plaintiff is not afforded the protection of Labor Law § 240 (1) (*see*, *ibid.*).

Cardona, P. J., White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.