■ VIRGILIO AVILES, SR., et al., Respondents, v CRYSTAL MANAGEMENT, INC., et al., Appellants, et al., Defendants. (And a Third-Party Action.) [650 NYS2d 638] —Motion for leave to appeal to the Court of Appeals denied; motion for resettlement granted insofar as to recall the unpublished decision and order of this Court entered on June 6, 1996 (Appeal No. 57946) and to resettle it to read as follows:

Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered April 17, 1995, which, to the extent appealed, granted plaintiffs' motion for summary judgment on his claim pursuant to Labor Law § 240 (1), and which denied defendants' cross-motion for summary judgment on the same claim, unanimously reversed, on the law, without costs, the motion denied, and the cross-motion granted to the extent of dismissing plaintiff's claims pursuant to Labor Law § 240 (1).

Plaintiff, Julio Aviles, was a self-employed window washer who was hired by the third-party defendant, a tenant of a residential apartment, to wash the windows in her living room. This matter is factually similar to *Brown v Christopher St. Owners Corp.* (211 AD2d 441, *affd* 87 NY2d 938), wherein the resident of a cooperative apartment hired a window washer to clean her windows, and, as in the case at bar, the tenant's actions were undertaken without the knowledge or consent of the owners and managers of the building. As in *Brown,* we find that plaintiff was engaged to clean windows as part of domestic cleaning, and thus the activity was not covered by Labor Law § 240 (1). Accordingly, defendants were entitled to summary judgment dismissing the Labor Law § 240 (1) cause of action. Concur—Murphy, P. J., Milonas, Ellerin, Ross and Mazzarelli, JJ.