OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Plaintiff, a structure maintainer for appellant New York City Transit Authority, was injured while performing repair work when he fell through a canopy attached to an elevated train station located in Brooklyn that was owned by appellant City of New York. He commenced an action against the City, alleging, among other things, violations of Labor Law § 240 (1). After the City brought a third-party action against the Authority, plaintiff moved for partial summary judgment and both appellants — urging that the City was not an owner within the meaning of the statute — cross-moved for summary judgment seeking to dismiss the complaint. Supreme Court granted plaintiff’s motion and denied appellants’ cross motions. Following a jury trial as to damages, and a judgment of Supreme Court awarding the City full indemnification against the Authority, the Appellate Division affirmed the jury award against the City. Because we agree that the City was an "owner,” we too affirm.
 

 In
 
 Gordon v Eastern Ry. Supply
 
 (82 NY2d 555), the owner of the property argued that it was not liable because it leased the property to a contractor who performed the work leading to the injury and did not itself contract for or benefit from the construction involved. We disagreed, stating that "[liability rests upon the fact of ownership and whether Eastern had contracted for the work or benefitted from it are legally irrelevant.” (Su
 
 pra,
 
 at 560.) Relying on our earlier decision in
 
 Celestine v City of New York
 
 (59 NY2d 938,
 
 affg
 
 86 AD2d 592), we articulated the bright line rule that "when the Legislature imposed the duties of section 240 (1) on '[a]ll * * * owners’ it
 
 *823
 
 intended to include owners in fee even though the property might be leased to another”
 
 (Gordon v Eastern Ry. Supply, supra,
 
 82 NY2d, at 560).
 

 Appellants urge that though technically an "owner,” the City lacked any ability to protect Authority employees working on the transit system because of the statutory scheme creating the Authority and establishing appellants’ lessor-lessee relationship
 
 (see,
 
 L 1953, chs 200-201, codified as Public Authorities Law § 1200
 
 et seq.).
 
 Appellants claim that they therefore should not fall within the meaning of "owner” as expressed by Labor Law § 240 (1).
 

 The Legislature has, in the past, carved out exceptions from liability for certain owners
 
 (see, e.g.,
 
 L 1980, ch 670 [creating ownership exception for owners of one- and two-family dwellings]) but it has not created a similar exception for the City. We therefore decline to exempt the City — which is in fact the owner — from the plain word and reach of the statute, leaving that for the Legislature if it so chooses
 
 (see, Adimey v Erie County Indus. Dev. Agency,
 
 89 NY2d 836,
 
 modfg
 
 226 AD2d 1053). To the extent that
 
 Robinson v City of New York
 
 (211 AD2d 600) may be inconsistent with our holding today, it should not be followed.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order affirmed, with costs, in a memorandum.