■ JAMES WEBB, Appellant, v 444 CENTRAL PARK OWNERS, INC., Respondent. (And a Third-Party Action.) [669 NYS2d 574] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered December 13, 1996, which, in an action pursuant to Labor Law § 240 (1) by a laborer's estate against a residential cooperative, denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant's sponsor hired plaintiff's decedent to renovate, for purposes of sale, a second-floor apartment of which the sponsor was the proprietary lessee. The relationship between defendant and the sponsor, which was antagonistic and involved litigation, resulted in an agreement between them under which the sponsor could renovate his apartments, including window replacement, without defendant's consent, although he was required to give defendant 10 days notice of any work he was going to do. The decedent was discovered in the morning on the ground near the building, having apparently fallen from the apartment's kitchen window while trying to remove it. There were no witnesses to the accident. While the IAS Court improperly granted dismissal on the ground that the activity involved did not fall within the purview of Labor Law § 240 (1) (*see, e.g., Barnaby v A. & C. Props.*, 188 AD2d 958), defendant was nevertheless entitled to summary judgment, it being established that the decedent was hired by the sponsor, not defendant or its managing agent, and that the sponsor, the only person who stood to benefit by a sale of the apartment, was not acting as defendant's agent (*see, Brown v Christopher St. Owners Corp.*, 211 AD2d 441, *affd on other grounds* 87 NY2d 938). Aside from the agreement allowing the sponsor to renovate without defendant's consent, the deposition testimony of defendant's managing agent shows that the sponsor did not give defendant the agreed upon notice of work, and that neither defendant nor its superintendent knew about the window replacement that the decedent was doing at night in violation of defendant's rules. Absent any controverting proof, defendant cannot be held liable, in these circumstances, as an "owner" under Labor Law § 240 (1) (*see, Marchese v Grossarth*, 232 AD2d 924, *lv denied* 89 NY2d 809). Concur—Rosenberger, J. P., Ellerin, Nardelli and Wallach, JJ.