OPINION OF THE COURT
David B. Vaughan, J.
Plaintiff Norberto Otero moves for partial summary judgment as to liability on his Labor Law § 240 (1) claim against the defendants. Defendants Neiss Management Corporation (Neiss) and 82 Rockaway Limited Liability Company (82 Rock-away) cross-move for summary judgment dismissing the complaint and cross claims or, in the alternative, summary judgment granting their cross claims for common-law indemnification from defendant Cablevision of New York (Cablevision).
On December 16, 1997, plaintiff suffered injuries as the result of a fall that occurred while he was installing Cablevision cable television service at an apartment located at 82 Rockaway Parkway in Brooklyn, New York, a building owned by defendant 82 Rockaway and managed by Neiss. 82 Rock-away’s building was a four-story building that contained 32 residential apartment units. Plaintiff was employed by Mucip, Inc. (Mucip), a company hired by Cablevision to install its cable television services.
On the date of the accident, plaintiffs job involved drilling a hole from the inside of an individual apartment to the outside of the building owned by 82 Rockaway in order to connect a cable running from that apartment to the “lock box” attached to the outside of the building. Cablevision had installed this “lock box” on 82 Rockaway’s building prior to the accident. The “lock box” brought the cable service to the building, but not to the *653 individual apartments. The accident occurred after plaintiff, who was working alone, had drilled the hole and wired the individual apartment and while he was climbing a ladder in order to connect the cable to a socket inside the “lock box.” Plaintiff was near the top of the ladder when it tilted, causing him to fall. The ladder plaintiff was using, a 14-foot straight ladder, was missing one of its rubber feet and had a twist in it so that both sides of the ladder did not touch the building when its feet rested on the ground.
Labor Law § 240 (1)
In pertinent part, Labor Law § 240 (1) provides that:
“All contractors and owners and their agents * * * in the erection, demolition, repairing, altering * * * of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.”
Labor Law § 240 (1) provides for absolute liability for any breach of the statute which is the proximate cause of the worker’s injuries (Rocovich v Consolidated Edison Co., 78 NY2d 509, 512; Bland v Manocherian, 66 NY2d 452, 459-461). The duty imposed by section 240 (1) is nondelegable, and an owner is responsible even where he or she exercises no supervision or control over the work of a contractor (Rocovich v Consolidated Edison Co., supra; Russin v Picciano & Son, 54 NY2d 311, 317-318). Contributory negligence on the part of a plaintiff is not a defense under Labor Law § 240 (see, Stolt v General Foods Corp., 81 NY2d 918, 920; Bland v Manocherian, supra, 66 NY2d, at 460).
It is undisputed that plaintiffs fall involved an elevation risk warranting the protections of the statute (see, Gordon v Eastern Ry. Supply, 82 NY2d 555, 560-562). At issue, however, is whether plaintiffs installation of the television cable constitutes the “altering” of a “building” or “structure” under Labor Law § 240. While “altering” under the statute need not be part of work performed on a construction site, in order to constitute “altering” the work being performed must entail “making a significant physical change to the configuration or composition of the building or structure” (Joblon v Solow, 91 NY2d 457, 465). By drilling a hole from the apartment unit to the exterior of *654 the building and running cable through that hole, plaintiff made a significant physical change to the building which warrants finding that his activity constitutes “altering” under the statute (see, Joblon v Solow, supra [plaintiff chiseled hole through wall and extended electrical wiring from another room in order to install a clock]; Weininger v Hagedorn & Co., 91 NY2d 958, 959-960 [plaintiff ran computer and telephone wire through ceiling to another room in building]; Smith v Pergament Enters., 271 AD2d 870, 871 [installed computer wire through holes cut in walls and in ceilings]; Bedassee v 3500 Snyder Ave. Owners Corp., 266 AD2d 250, 250-251 [cable television installation involving drilling holes in building]; Zgoba v Easy Shopping Corp., 246 AD2d 539, 540-541 [threading cable through pipe holes to a location two floors below]; cf., Luthi v Long Is. Resource Corp., 251 AD2d 554, 555-556 [temporary placement of cable in drop ceiling]).[1] Although plaintiff, at the moment of his fall, was merely connecting the cable to the preexisting lock box, this task was required for plaintiff to complete the alteration work covered by the statute, and, as such, he was performing work covered by the statute at the time of his fall (cf., Friscia v New Plan Realty Trust, 267 AD2d 197, 198).
Plaintiffs evidence that the accident occurred as a result of a tip of a ladder, which was unsecured, was missing a rubber “foot,” and was “twisted,” establishes, prima facie, that a violation of Labor Law § 240 was a proximate cause of the accident (see, Lacey v Turner Constr. Co., 275 AD2d 734; Sinzieri v Expositions, Inc., 270 AD2d 332, 333; cf., Williams v Dover Home Improvement, 276 AD2d 626).
In opposition, Cablevision submits that plaintiffs acts were the sole proximate cause of the accident because he failed to use another longer ladder that would have allowed him to easily reach the “lock box”[2] and that plaintiff had undergone a video instruction course on the proper use of ladders and spent two weeks doing installations with an experienced co-worker. *655 This evidence does nothing to refute plaintiff’s testimony that shows that his fall was, at least in part, caused by the defects with the ladder he was using. Further, Cablevision has not submitted any evidence relating to the content of the video instruction or of the co-worker’s experience in the use of ladders. Without such evidence, there is no basis to find that plaintiff would have known to use the longer ladder to reach the lock box. As such, Cablevision has failed to raise a factual issue as to whether plaintiffs conduct was the sole proximate cause of his fall (see, Smizaski v 784 Park Ave. Realty, 264 AD2d 364, 366; cf., Weininger v Hagedorn & Co., supra, 91 NY2d, at 959; Lardaro v New York City Bldrs. Group, 271 AD2d 574, 576). Similarly, without evidence that he was disobeying direct instructions to use a longer ladder when climbing to such a height, Cablevision has failed to raise a factual issue as to whether plaintiff was a recalcitrant worker (see, Gordon v Eastern Ry. Supply, supra, 82 NY2d, at 562; Stolt v General Foods Corp., supra, 81 NY2d, at 920; cf., Jastrzebski v North Shore School Dist., 223 AD2d 677, 679-680, affd on opn below 88 NY2d 946). Cablevision has thus failed to show that plaintiffs acts constituted anything other than contributory negligence, which, as noted, is not a defense to a Labor Law § 240 (1) claim.
82 Rockaway, as owner of the building, and Neiss, as 82 Rockaway’s agent, submit that they are not liable under Labor Law § 240 (1) because they did not hire plaintiff, or give plaintiff permission to work on their building. Case law presents what at first blush appears to be contradictory answers with regard to an owner’s liability for work requested by others. The Court of Appeals has held that an owner of property may be held liable under Labor Law § 240 even where it has leased its premises or granted an easement over its premises and whether or not it contracted for the work performed or benefitted therefrom (see, Coleman v City of New York, 91 NY2d 821, 822-823; Gordon v Eastern Ry. Supply, supra, 82 NY2d, at 559-560; Celestine v City of New York, 86 AD2d 592, 593, affd for reasons stated below 59 NY2d 938). In contrast, the First and Third Departments of the Appellate Division have held that, where a plaintiff is hired by a tenant of an apartment building or a shareholder of a cooperative apartment building to do work on the exterior of the building without the consent or permission of the building owner or of the cooperative corporation, the building owner or cooperative corporation may not be held liable for a violation of section 240 (see, Webb v 444 *656 Cent. Park Owners, 248 AD2d 175, 176 [1st Dept]; Aviles v Crystal Mgt., 233 AD2d 129 [1st Dept]; Marchese v Grossarth, 232 AD2d 924, 925 [3d Dept]; Brown v Christopher St. Owners Corp., 211 AD2d 441, 442 [1st Dept]).
The First and Third Department cases do not discuss Gordon and Celestine (supra). Despite this, upon close examination, the First and Third Departments had facts before them warranting results different from the holdings in Gordon and Celestine. For example, in Gordon the owner had leased the entire premises for the purposes of the cleaning work that led to the injuries (Gordon v Eastern Ry. Supply, supra, 82 NY2d, at 558-560), and the owner in Celestine had granted the easement for the purposes of the subway construction work that led to the injuries (Celestine v City of New York, supra, 86 AD2d, at 593).[3] On the other hand, the work at issue in the First and Third Department cases involved the exterior of buildings which remained under the control of the landlord or cooperative corporation and the tenants or shareholders had no authority to direct exterior work (see, Webb v 444 Cent. Park Owners, supra, 248 AD2d, at 176; Aviles v Crystal Mgt., 233 AD2d 129, supra; Marchese v Grossarth, supra, 232 AD2d, at 925; Brown v Christopher St. Owners Corp., supra, 211 AD2d, at 442). As the First and Third Department decisions are not inconsistent with Second Department precedent (see, Lynch v City of New York, 209 AD2d 590, 591; Wendel v Pillsbury Corp., 205 AD2d 527, 528-529; Bach v Emery Air Frgt. Corp., 128 AD2d 490, 491) and the Second Department has yet to decide the issue, this court is bound by the decisions from the First and Third Departments (see, Mountain View Coach Lines v Storms, 102 AD2d 663, 664-665).
Here, the record evidence shows that, when plaintiff arrived at 82 Rockaway’s building, he went straight to the customer’s apartment. Plaintiff did not see the building superintendent before starting his work. At his deposition, Joseph Kohler, who was employed by Neiss as a building manager, testified that he was responsible for 82 Rockaway’s building, and that he never gave Cablevision permission to install the “lock box” or to drill holes in the building to provide cable service to the building’s tenants. Such evidence creates, at least, a factual issue as to whether 82 Rockaway or its agent authorized plaintiff to do the cable installation and precludes this court from granting *657 plaintiff partial summary judgment as to liability on his Labor Law § 240 (1) claim against 82 Rockaway and Neiss (see, Marchese v Grossarth, supra, 232 AD2d, at 925).
However, at his deposition Fred Legodais, a field service manager for Cablevision, stated that Cablevision would obtain permission from building owners to do tenant installations at the time the building was initially wired.[4] Such testimony of habit or practice on Cablevision’s part would allow a jury to draw an inference that Cablevision obtained permission to do the installation involving plaintiff from 82 Rockaway or Neiss at the time 82 Rockaway’s building was initially wired (see, Halloran v Virginia Chems., 41 NY2d 386, 391-393; Nigro v Benjamin, 155 AD2d 872; Rigie v Goldman, 148 AD2d 23, 26-30). This evidence is sufficient to create an issue of fact precluding the court from ruling, as a matter of law, that Cablevision had no authority from 82 Rockaway or Neiss to do the subject cable installation.
Cablevision does not contest its status as a general contractor under Labor Law § 240 (1). While, in its contract with Mucip, Cablevision delegated to Mucip the responsibility for doing the installation work and for safety (section 4 [a] and [e] of the contract), the contract also provided that Mucip was to perform the work to the satisfaction of Cablevision (section 7 [c] and [d] of the contract), allowed Cablevision to make changes in the work (section 9 [a] of the contract) and allowed Cablevision to remove a Mucip employee from a project if it deemed the employee to be incompetent (section 10 [1] of the contract). In order to obtain cable service, a subscriber would contact Cablevision, which in turn would print out a work order that instructed where Mucip was to do the installation. After completing a job, Mucip would have to return a portion of the work order to Cablevision. Such provisions and practices show that Cablevision was acting as general contractor for purposes of Labor Law § 240 (see, Mooney v PCM Dev. Co., 238 AD2d 487, 488).[5]
*658 Labor Law §§ 200 and 241 (6)
Under Labor Law § 241 (6) owners and general contractors are liable for any negligence of a contractor who has breached a specific safety rule or regulation even in the absence of control or supervision of the work site by the owner or general contractor (Rizzuto v Wenger Contr. Co., 91 NY2d 343, 348-349). Whether a defendant is an owner for purposes of section 241 (6) is determined by the same standard as that applied under Labor Law § 240 (1) (see, Gordon v Eastern Ry. Supply, supra, 82 NY2d, at 559-560; Celestine v City of New York, supra, 86 AD2d, at 593). Thus, factual issues preclude this court from finding that 82 Rockaway is not an owner and that Neiss is not an agent thereof.
82 Rockaway and Neiss have failed to submit any argument that the Industrial Code sections identified in plaintiffs bill of particulars are either nonspecific or do not apply to the facts of the case. In opposing the motion by 82 Rockaway and Neiss, plaintiff addressed the arguments raised by their motion papers, but did not address whether there are specific Industrial Code sections applicable to the facts of this case. While, in searching the record, the court questions whether the sections relied upon by plaintiff are specific or apply to the facts of this case, it is not inclined to dismiss plaintiffs claims in the absence of argument on the issue, especially since it also finds that Industrial Code sections not relied upon by plaintiff, namely, 12 NYCRR 23-1.21 (b) (3) (i) (ladder with broken parts may not be used) and 23-1.21 (b) (4) (iv) (requirements relating to securing leaning ladders), state specific standards that appear to apply to the facts of this case.
Turning to plaintiffs Labor Law § 200 claims, that section is a codification of the common-law duty of owners and general contractors to maintain a safe workplace (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505). Where a dangerous condition arises from a subcontractor’s methods or materials, an owner may not be found liable under section 200 unless the plaintiff shows that the owner supervised or controlled the “work activity bringing about the injury” (Rizzuto v Wenger Contr. Co., supra, 91 NY2d, at 353; Ross v Curtis-Palmer Hydro-Elec. Co., supra; Lombardi v Stout, 80 NY2d 290, 295). Whether a defendant is an owner for purposes of Labor Law *659 § 200 is determined by the same standard as applied under Labor Law § 240 (1) and § 241 (6) (see, Wendel v Pillsbury, Corp., supra, 205 AD2d, at 528-529; Copertino v Ward, 100 AD2d 565, 567).
Here the record evidence establishes that plaintiffs accident occurred as a result of his method and manner of work, rather than out of any defect with the property on which he was working. While 82 Rockaway and Neiss have failed to show that they are not an owner or agent thereof, they have shown, through evidence such as plaintiffs own deposition testimony and that of Neiss’ employee Joseph Kohler, that they did not supervise or control plaintiffs work. As plaintiff has failed to submit any evidence raising an issue of fact on 82 Rockaway or Neiss’ supervision and control,. plaintiffs Labor Law § 200 claim must be dismissed as against 82 Rockaway and Neiss. Plaintiffs common-law negligence claims must be dismissed as against 82 Rockaway and Neiss for the same reasons (see, Rice v City of Cortland, 262 AD2d 770, 772-773).
Common-Law Indemnification
Where an owner’s liability is predicated solely on Labor Law § 240 (1) and § 241 (6) and is not predicated on a finding of negligence on its part, it has a common-law right to indemnification from a contractor if the contractor’s own negligence contributed to the accident or the contractor directed, supervised and controlled the work giving rise to the injury (see, Buccini v 1568 Broadway Assocs., 250 AD2d 466, 468; Marek v DePoalo & Son Bldg. Masonry, 240 AD2d 1007, 1008; Malecki v Wal-Mart Stores, 222 AD2d 1010, 1011; Terranova v City of New York, 197 AD2d 402).
While 82 Rockaway and Neiss have established that they could only be vicariously liable under Labor Law § 240 (1) and § 241 (6), they have failed to establish, as a matter of law, that Cablevision was negligent in any way or that it supervised and controlled plaintiffs work. Plaintiff received his training from his employer Mucip, and Mucip supplied plaintiff with the ladders he was using at the time of the accident. No one from Cablevision was present while plaintiff was working. Importantly, in its contract with Cablevision, Mucip agreed to be responsible for the safety of the work.[6] 82 Rockaway and Neiss argue that other portions of Cablevision’s contract with Mucip *660 show that Cablevision exercised supervision and control over Mucip’s employees. However, in light of the evidence showing the absence of supervision and control by Cablevision, the contractual provisions relied upon by 82 Rockaway would, at most, create an issue of fact as to Cablevision’s supervision and control.
Summary
Accordingly, plaintiffs motion for partial summary judgment is granted with regard to his Labor Law § 240 (1) claims against Cablevision and denied with regard to his claims against 82 Rockaway and Neiss. 82 Rockaway and Neiss’s cross motion for summary judgment is granted to the extent that plaintiffs Labor Law § 200 and common-law negligence claims against 82 Rockaway and Neiss are dismissed. 82 Rockaway and Neiss’ summary judgment motion is otherwise denied.

. Although the Appellate Division decision in Bedassee (supra) did not detail the facts of the installation, the facts taken from the trial court’s decision in that case show that the cable installation involved drilling holes in the exterior wall of the building and attaching cable to the building surface with brackets.

. Defendants rely on pictures and an accident report that were submitted by plaintiff in support of his summary judgment motion (see, Borchardt v New York Life Ins. Co., 102 AD2d 465, 467, affd on opn below 63 NY2d 1000; Schwartz v Aetna Life Ins. & Annuity Co., 214 AD2d 975; Hartford Acc. & Indem. Co. v Transamerica Ins. Co., 141 AD2d 423, 425).

. The facts relating to the injury producing work in Celestine (supra) are not contained in the Appellate Division’s decision, but are contained in the record on appeal.

. The fact that Legodais admitted that he did not know how a building would “access” Cablevision’s services fails to show that Legodais lacked personal knowledge of Cablevision’s practices regarding obtaining permission to do tenant installations at the time a building was initially wired.

. Given its ownership of the cable and “lock box” attached to the building, Cablevision could possibly also be held liable as an owner under Appellate Division, Fourth Department precedent (see, Girty v Niagara Mohawk Power Corp., 262 AD2d 1012, 1013 [4th Dept]; Wilcox v Paragon Cable T.V., 241 AD2d 914 [4th Dept]). Given that this court has found Cablevision to be a general contractor, it need not determine whether Cablevision is an owner *658 under the Fourth Department rule or whether the Fourth Department rule would apply in the Second Department (see, Lynch v City of New York, supra, 209 AD2d, at 591 [2d Dept]; cf., Garrant v New York Tel. Co., 179 AD2d 960, 961 [3d Dept]).

. Paragraph (4) (e) of Mucip’s contract with Cablevision provides that:
*660 “[Mucip] shall provide for and oversee all safety orders, precautions and programs necessary for the safety of the Work. In this connection, it shall take all precautions for the safety of all employees and other personnel performing the Work, shall instruct its employees, subcontractors and agents concerning all applicable OSHA and other safety standards and specifications, and shall comply with all OSHA and other safety rules and regulations pertaining to all aspects of the Work.”