■ FRANK BOSCH et al., Appellants, v 229 WEST 97 REALTY ASSOCIATES et al., Defendants, and 229 OWNERS CORP. et al., Respondents. [719 NYS2d 564] —Order, Supreme Court, New York County (Edward Lehner, J.), entered July 8, 1999, which, in an action under Labor Law § 240 (1), granted defendants-respondents' motions for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Defendants-respondents are the governing body of condominium association responsible for the maintenance of the common elements of the building in which plaintiffs were injured, and the cooperative corporation that owns the residential units in the building. Another defendant is the sponsor of the condominium conversion, who retained "unsold shares" in the particular apartment that plaintiffs were improving when they were injured, and who would be the party responsible under Labor Law § 240. The action was properly dismissed as against respondents on the basis of evidence establishing that the sponsor had the right to make improvements to the subject apartment without respondents' consent; that it was the sponsor, acting on its own and not as respondents' agent, who hired plaintiffs' employer; and that the work that plaintiffs were doing at the time they were injured did not involve the building's common elements (*see, Brown v Christopher St. Owners Corp.*, 211 AD2d 441, *affd for other reasons* 87 NY2d 938; *Ceballos v Kaufman*, 249 AD2d 40), but rather a sheetrock ceiling in the bathroom of an apartment. Concur—Sullivan, P. J., Rosenberger, Tom, Ellerin and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANCETTA ESCALONA, Appellant. [719 NYS2d 556] —Judgment, Supreme Court, Bronx County (Alexander Hunter, J.), rendered May 5, 1999, convicting defendant, after a nonjury trial, of criminal possession of a weapon in the fourth degree, and sentencing her to a term of 3 years probation, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the court's determinations concerning credibility. Concur—Sullivan, P. J., Rosenberger, Tom, Ellerin and Friedman, JJ.