■ FELICIO DE OLIVEIRA, Appellant, v LITTLE JOHN'S MOVING INC., Respondent. [734 NYS2d 165] —Order, Supreme Court, New York County (Walter Tolub, J.), entered on or about June 2, 2000, which, *inter alia*, in an action under Labor Law §§ 200, 240 (1) and § 241 (6) by a laborer against a building owner, granted defendant's motion for summary judgment dismissing the complaint, and denied plaintiff's cross motion for summary judgment on the issue of liability under section 240 (1), unanimously modified, on the law, to reinstate the causes of action under section 240 (1) and section 241 (6), and otherwise affirmed, without costs.

Plaintiff asserts that while scraping the building lobby to prepare it for painting, the ladder on which he was standing slipped and he fell to the ground. While he does not know what caused the ladder to slip, he claims that after he fell he noticed that the ladder did not have rubber feet. The scraping performed by plaintiff is encompassed within the term "painting" in section 240 (1) (*see, Perez v Spring Cr. Assocs.*, 265 AD2d 314; *Livecchi v Eastman Kodak Co.*, 258 AD2d 916), and need not have been incidental to the other listed activities, such as construction, repair or alteration, to be covered (*cf., Bustamante v Chase Manhattan Bank*, 241 AD2d 327; *Chapman v International Bus. Machs.*, 253 AD2d 123, 127). Whether the ladder provided proper protection for purposes of section 240 (1) is a question of fact for the jury (*see, Benefield v Hal-*

*mar Corp.*, 264 AD2d 794, 795). It was also error to dismiss plaintiff's section 241 (6) claim. Specific standards that would apply here if plaintiff's testimony were credited are found in 12 NYCRR 23-1.21 (b) (3) (iv), which provides that a ladder shall not be used "[i]f it has any flaw or defect of material that may cause ladder failure" (*see, Otero v Cablevision of N. Y.*, 186 Misc 2d 651, 658). We have considered and rejected plaintiff's other arguments. Concur—Sullivan, P. J., Williams, Ellerin, Lerner and Saxe, JJ.