■ NORBERTO OTERO, Respondent, v CABLEVISION OF NEW YORK, Respondent-Appellant, and NEISS MANAGEMENT CORPORATION et al., Appellants-Respondents. [747 NYS2d 46] ■

The plaintiff was an employee of Mucip, Inc., a subcontractor retained by the defendant Cablevision of New York (hereinafter Cablevision) to install and provide cable television service to its subscribers. On December 16, 1997, the plaintiff was

installing a cable to the apartment of a tenant in a multiple dwelling owned and managed by the defendants 82 Rockaway LLC and Neiss Management Corp. respectively (hereinafter collectively the Building). The plaintiff was performing his work at the direction of Cablevision in response to a request made directly by the tenant. The Building claimed that it had no prior notice of the plaintiff's presence on the premises, and had not authorized the work. While standing on an allegedly defective ladder supplied by his employer, making connections in a junction box mounted on an exterior wall, the plaintiff fell and sustained injuries when the ladder slipped.

In the ensuing personal injury action, the plaintiff moved for summary judgment on his cause of action pursuant to Labor Law § 240 (1). The Building cross-moved for summary judgment dismissing the causes of action pursuant to Labor Law §§ 200, 240 (1), and § 241 (6), or, in the alternative, for summary judgment on its cross claim for common-law indemnification against Cablevision contending, inter alia, that it was not an "owner" within the meaning of the Labor Law. The Supreme Court denied the motion and the cross motion, finding, inter alia, that issues of fact were presented as to whether the Building authorized the work (*see Otero v Cablevision of N.Y.,* 186 Misc 2d 651).

The matter went to trial on the issue of liability, with the jury finding for the plaintiff against the Building. The Building and Cablevision subsequently settled the case with the plaintiff pursuant to a stipulation providing for them to equally share the expense of the settlement, but subject to this Court's determination on the issue of whether the Supreme Court properly denied the Building's cross motion. We now affirm, albeit for different reasons.

Labor Law § 240 (1) is to be liberally construed to effectuate the Legislature's purpose of protecting laborers (*see Lombardi v Stout,* 80 NY2d 290; *Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 520-521; *Williamson v 16 W. 57th St. Co.,* 256 AD2d 507, 509) "who ply their livelihoods on ladders and scaffolds [and who] usually have no choice but to work with the equipment at hand, though danger looms large" (*Koenig v Patrick Constr. Corp.,* 298 NY 313, 318-319). In recognition of the Legislature's purpose in seeking to afford special protections to such vulnerable laborers, the Court of Appeals has consistently characterized the protections of Labor Law § 240 (1) as "extraordinary" (*Narducci v Manhasset Bay Assoc.,* 96 NY2d 259, 267; *see Nieves v Five Boro Air Conditioning & Refrig. Corp.,* 93 NY2d 914, 915; *Melber v 6333 Main St.,* 91 NY2d

759, 762), and "exceptional" (*Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514). By its express terms, it imposes upon owners the nondelegable duty to provide safety equipment to laborers engaged in altering a building (*see Melber v 6333 Main St., supra*). It is uncontroverted that the plaintiff was engaged in a covered activity.

The Building contends that it is not an "owner" properly held liable because it did not permit or suffer the plaintiff to work upon its property, and because the plaintiff was hired as a direct result of the tenant's dealings with Cablevision. While some cases have employed such reasoning to absolve owners from liability under the Labor Law (*see e.g. Brown v Christopher St. Owners Corp.,* 211 AD2d 441, *affd on other grounds* 87 NY2d 938; *Aviles v Crystal Mgt.,* 233 AD2d 129), we hold that the Building is an owner as a matter of law, strictly liable pursuant to Labor Law § 240 (1).

The Court of Appeals has unequivocally held that "[l]iability rests upon the fact of ownership and whether [the owner] had contracted for the work or benefitted from it are legally irrelevant" (*Coleman v City of New York,* 91 NY2d 821, 822 [internal quotation marks omitted]; *see Gordon v Eastern Ry. Supply,* 82 NY2d 555, 560). Moreover, "an owner no longer need be the employer of the worker or one directing his labor in order to be subject to liability" (*Haimes v New York Tel. Co.,* 46 NY2d 132, 136). The law as determined by the Court of Appeals favors the imposition of liability as against the Building.

The parties' remaining contentions are without merit. Florio, J.P., S. Miller, Schmidt and Cozier, JJ., concur. [*See* 186 Misc 2d 651.]