■ Julio Pineda, Appellant-Respondent, v 79 Barrow Street Owners Corp. et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants, et al., Defendants. Glenn F. Woo et al., Third-Party Defendants-Respondents. [747 NYS2d 236]

The plaintiff was painting the living room of a cooperative apartment at the request of his employer, Glenn Frank Woo, doing business as Woo Management (hereinafter collectively Woo), when the ladder on which he was standing collapsed, causing him to fall and sustain injuries. The apartment was in a cooperative building owned by 79 Barrow Street Owners Corporation, and managed by Eichner Rudd Management Associates Limited (hereinafter collectively the defendants). Woo, the proprietary lessee of the apartment, did not obtain consent from the defendants prior to beginning work in the apartment, and he did not notify them of the work.

The plaintiff subsequently commenced this action against the defendants alleging, inter alia, that they were owners under § 240 (1) of the Labor Law and thus liable to him for his injuries. The defendants commenced a third-party action against Woo for common-law indemnification and contribution.

After depositions were held, Woo moved for summary judgment dismissing the third-party complaint, contending that the plaintiff, his employee, did not suffer a grave injury within the meaning of Workers' Compensation Law § 11, and thus he could not be held liable for either contribution or common-law indemnification. The defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them on the grounds that they were not owners, or, in the alternative, for summary judgment on their third-party complaint seeking common-law indemnification and contribution from Woo or for leave to amend their third-party complaint to assert a cause of action for contractual indemnification. The plaintiff cross-moved for summary judgment on the issue of liability under Labor Law §§ 200, 240 (1), and § 241 (6), and common-law negligence. The Supreme Court granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them, as well as Woo's motion for summary judgment dismissing the third-party complaint. The Supreme Court denied the plaintiff's cross motion for summary judgment. We modify.

As the fee owner and the owner's agent, the defendants are absolutely liable under Labor Law § 240 (1) once the plaintiff established that a violation thereof occurred on their premises, and that it proximately caused his injuries (see Coleman v City of New York, 91 NY2d 821, 822-823; Gordon v Eastern Ry. Supply, 82 NY2d 555, 558; Otero v Cablevision of N.Y., 297 AD2d 632 [decided herewith]; cf. Bosch v 229 W. 97 Realty Assoc., 279 AD2d 373; Webb v 444 Cent. Park Owners, 248 AD2d 175; Brown v Christopher St. Owners Corp., 211 AD2d 441, 442, affd on other grounds 87 NY2d 938). The plaintiff's unrebutted proof showed that he fell when the ladder he was standing on collapsed. There is also no question that this accident occurred in the apartment owned by the defendants. Thus, the plaintiff was entitled to summary judgment against the defendants on the issue of liability under Labor Law § 240 (1) (see Scotti v Federation Dev. Corp., 289 AD2d 322). However, the Supreme Court properly granted those branches of the defendants' cross motion which were for summary judgment dismissing the causes of action under Labor Law §§ 200 and 241 (6), and for common-law negligence, insofar as asserted against them since, in response to the showing of the defendants that they did not direct or control his work, the plaintiff failed to raise a triable issue of fact (see Schuler v Kings Plaza Shopping Ctr. & Mar., 294 AD2d 556).

In response to Woo's showing that the plaintiff did not

sustain a grave injury as defined by Workers' Compensation Law § 11, the defendants failed to raise a triable issue of fact. Thus, Woo's motion for summary judgment dismissing the third-party causes of action for common-law indemnification and contribution was properly granted. However, in the exercise of our discretion, we find a sufficient basis in the record to grant that branch of the defendants' cross motion which was for leave to amend their third-party complaint to assert a cause of action for contractual indemnification (*see* CPLR 3025 [b]).

The plaintiff's remaining contentions are either without merit or need not be reached in light of this determination. Santucci, J.P., Florio, Smith and Schmidt, JJ., concur.