■ ARTHUR BROWN, Appellant, v CHRISTOPHER STREET OWNERS CORP. et al., Respondents. [769 NYS2d 513]—

Order, Supreme Court, New York County (Harold Tompkins, J.), entered April 2, 2002, which denied plaintiff's motion to reinstate a claim under Labor Law § 202, unanimously affirmed, without costs.

Defendant Anne Hack, a proprietary tenant and shareholder in defendant Christopher Street Owners Corp., a residential co-operative, hired plaintiff to clean her apartment windows. While cleaning the outside surface of a window, plaintiff slipped off the exterior sill and fell three stories to the courtyard.

On a previous appeal from the disposition of opposing summary judgment motions, this Court modified an order dismissing plaintiff's cause of action pursuant to Labor Law § 240 (1) as against defendant cooperative and its managing agent to dismiss the complaint in its entirety (211 AD2d 441 [1995]); the Court of Appeals affirmed, noting the parties' failure to address Labor Law § 202 in their briefs (87 NY2d 938, 939 [1996]). A subsequent motion to resettle this Court's order so as to limit dismissal to the cause of action based on Labor Law § 240 (1) was denied. Plaintiff then commenced a second action, which was dismissed on the ground of res judicata, this Court affirming (256 AD2d 78 [1998], *lv denied* 93 NY2d 804 [1999]).

While the original complaint sought recovery pursuant to Labor Law §§ 202 and 240 (1), it stated that "defendants are absolutely liable" for plaintiff's injuries. On his motion for summary judgment, plaintiff quoted a prior order, in which Supreme Court remarked that this action was pleaded "as a violation of Labor Law § 240" because plaintiff "explicitly stated he has no negligence claim." Thus, upon finding plaintiff's Labor Law § 240 (1) claim to be unavailing as against any party, this Court dismissed the complaint (211 AD2d 441 [1995]).

Labor Law § 202 requires the application of comparative negligence principles because statutory liability is predicated on a violation of the Industrial Code (*see Bauer v Female Academy of Sacred Heart*, 97 NY2d 445, 452-453 [2002]), which constitutes only "some evidence of negligence" (*Elliott v City of New York*, 95 NY2d 730, 735 [2001]). Thus, from the outset, the section 202 claim was inconsistent with plaintiff's theory of recovery premised upon absolute liability, and plaintiff's failure to raise the issue before the Court of Appeals (87 NY2d 938, 939 [1996]) merely confirmed his intention to abandon this basis of liability. Concur—Buckley, P.J., Andrias, Saxe, Williams and Gonzalez, JJ.