■ In the Matter of MONICA R., a Person Alleged to be a Juvenile Delinquent, Appellant. [752 NYS2d 878] —Order, Family Court, Bronx County (Clark Richardson, J.), entered on or about February 13, 2001, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that she committed acts which, if committed by an adult, would constitute the crimes of attempted assault in the third degree and menacing in the third degree, and placed her with the New York State Office of Children and Family Services for a period of up to one year, unanimously affirmed, without costs.

The court's finding, in which it rejected appellant's justification defense, was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the court's determinations concerning credibility (*see People v Gaimari*, 176 NY 84, 94). The court properly concluded that appellant's own testimony substantially corroborated the victim's account.

Since the uncalled witness at issue would have provided cumulative testimony, the court properly denied appellant's request that it draw a missing witness inference. In any event, the court specifically noted that even if it had drawn an adverse inference, its finding would have been the same. Concur—Nardelli, J.P., Andrias, Saxe, Ellerin and Lerner, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY BATES, Appellant. [752 NYS2d 878] —Judgment, Supreme Court, Bronx County (Alexander Hunter, J.), rendered September 22, 1999, convicting defendant, after a nonjury trial, of manslaughter in the second degree and criminal possession of a weapon in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years and one year, respectively, unanimously affirmed.

The court's verdict was not against the weight of the evidence. As we concluded on the codefendant's appeal (*People v Escalona*, 279 AD2d 373, *lv denied* 96 NY2d 799), there is no basis for disturbing the court's determinations concerning credibility. The record fails to support defendant's assertion that the forensic evidence validated his testimony.

We perceive no basis for reducing the sentence. Concur—Nardelli, J.P., Andrias, Saxe, Ellerin and Lerner, JJ.